## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SHELTER FOREST INTERNATIONAL ACQUISITION INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Court No. 23-00144** |

## COMPLAINT

Shelter Forest International Acquisition Inc. ("Shelter Forest"), by and through its counsel, states that following claims against Defendant, the United States:

## INTRODUCTION

1.      Shelter Forest seeks judicial review of the U.S. Department of Commerce's ("Commerce") final scope determination and affirmative final determination of circumvention of the antidumping and countervailing duty orders on certain hardwood plywood products from China covering exports from Vietnam. *Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (July 20, 2023) ("*Final Determination*") accompanying Issues and Decision Memorandum (July 14, 2023).

**JURISDICTION**

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because this action is commenced under 19 U.S.C. § 1516a(a)(2)(B)(vi).  This action contests Commerce's final determination under 19 U.S.C. § 1677j(b) regarding inquiry merchandise produced in Vietnam.

**STANDING OF PLAINTIFF**

3.      Shelter Forest is a United States importer of the inquiry merchandise and is thus an interested party within the meaning of 19 U.S.C. § 1677(9)(A).  Shelter Forest participated in the underlying proceeding.

4.      Accordingly, Shelter Forest has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF THIS ACTION**

5.      Commerce issued the contested determination on July 20, 2023.  *See Final Determination*, 88 Fed. Reg. 46,740.  Shelter Forest commenced this action by filing a Summons and Complaint within thirty days after the date that Commerce's determination was published in the *Federal Register*.  Accordingly, this action is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and 28 U.S.C. § 2636(c).

## STATEMENT OF FACTS

6.      Understanding the history of this AD case is critical for proper evaluation of Commerce's final affirmative circumvention determination.  Such history includes (a) the first AD-CVD case (in 2012) against hardwood plywood, (b) the second AD-CVD case in 2016 against hardwood plywood; (c) the first anti-circumvention proceeding (and subsequent court appeal); (d) the second anti-circumvention proceeding (and subsequent court appeal) and (d) the third anti-circumvention proceeding which led to the final Commerce determination now being challenged.

## The First AD-CVD Case Against Hardwood Plywood

7.      On September 27, 2012, the Coalition for Fair Trade of Hardwood Plywood ("the Coalition" or "the petitioners" of the underlying proceeding) filed a petition with the Commerce seeking the initiation of an antidumping ("AD") and countervailing duty ("CVD") investigation on hardwood and decorative plywood from the People's Republic of China.  The scope language included in the petition stated: "a hardwood and decorative plywood panel must have face and back veneers which are composed of one or more species of hardwoods, softwoods, or bamboo."  *Hardwood and Decorative Plywood From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*, 78 Fed. Reg. 58,273, 58,275 (Sept. 23, 2013).

8.      During this investigation respondent parties argued that the petitioner (which is the same petitioner in the underlying proceeding at issue here) lacked standing to initiate AD/CVD investigations because the scope of the petition included softwood

products, but the plaintiffs did not include the domestic softwood plywood industry in the denominator of the industry support calculation in the petition. *Hardwood and Decorative Plywood From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*, 78 Fed. Reg. 58,273, 58,275 (Sept. 23, 2013) and accompanying Issues and Decision Memorandum (Sept. 16, 2013).

9.     Notwithstanding that Commerce found the existence of AD and CVD margins for the Chinese exporters, the International Trade Commission rendered a negative injury determination and so the AD-CVD case was terminated. *Hardwood Plywood from China*, Inv. Nos. 701-TA-490 and 731-TA-1204 (Final), USITC Pub. 4434 (Nov. 2013).

## The Second AD-CVD Case Against Hardwood Plywood

10.     On November 18, 2016, the Coalition for Fair Trade in Hardwood Plywood filed a second petition with Commerce to initiate an AD and CVD investigation on hardwood and decorative plywood from the People's Republic of China. *Petition for the Imposition of Antidumping and Countervailing Duties Pursuant to Sections 701 and 731 of the Tariff Act of 1930, as Amended* (Nov. 18, 2016).  The actual scope language of this petition stated that "{a} hardwood and decorative plywood panel must have at least either the face or back veneer composed of one or more species of hardwood or bamboo." *See Certain Hardwood Plywood Products From the People's Republic of China: Initiation of Less-Than-Fair-Value Investigation*, 81 Fed. Reg. 91,125 (Dec. 16, 2016).

11.     On November 22, 2016, Commerce requested additional information and clarification of certain areas of the Petition.  *See id*. at 91,125-91,126 and fn. 2. Commerce sought to confirm that the language included in the petition was intentionally different from the scope language of the previous hardwood plywood investigation of 2012.  *See id*. at 91,125-91,126.  The petitioners filed responses to these requests on November 29, 2016, in which they confirmed that the scope language now embodied in the order was intentionally different from that of the previous investigation. *Id*. at 91,126 and fn. 3.

12.     On December 16, 2016, Commerce issued its notice of initiation of less-than-fair-value investigation on certain hardwood plywood products from China.  *See Certain Hardwood Plywood Products From the People's Republic of China: Initiation of Less-Than-Fair-Value Investigation*, 81 Fed. Reg. 91,125 (Dec. 16, 2016).  In its initiation notice, Commerce included the scope of the investigation which stated: "{f}or purposes of this proceeding, hardwood and decorative plywood is defined as a generally flat, multilayered plywood or other veneered panel, consisting of two or more layers or plies of wood veneers and a core, with the face and/or back veneer made of non-coniferous wood (hardwood) or bamboo."  *Id*. at 91,130-91,131.

13.     On April 17, 2017, Commerce issued a preliminary decision memorandum pertaining to scope comments received in the AD/CVD investigations of certain hardwood plywood products from China.  Memorandum, *Re: Certain Hardwood Plywood Products from the People's Republic of China: Scope Comments Decision Memorandum for the Preliminary Determinations* (Apr. 17, 2017).  This memorandum

discussed eight different scope issues raised by interested parties, but did not include discussion of coniferous-faced plywood. *Id.*

14.    On June 16, 2017, Commerce issued an Additional Scope Comments Preliminary Decision Memorandum, in which it preliminarily determined that, based on the plain language of the scope, products with both face and back veneer of softwood were outside of the scope. Memorandum, *Re: Certain Hardwood Plywood Products from the People's Republic of China: Additional Scope Comments Preliminary Decision Memorandum and Extension of Deadlines for Scope Case Briefs and Scope Rebuttal Briefs* (June 16, 2017). Commerce preliminarily determined to modify the scope to remove HTSUS subheadings 4412.39.1000 and 4412.39.3000, which refer to plywood with both outer plies of coniferous wood, in order to extinguish any confusion over products subject to the investigation. *Id.* at 7.

15.    On June 20, 2017, the plaintiffs submitted comments to Commerce requesting "clarification" of the scope in the current Hardwood Plywood investigations. Letter to the Secretary of Commerce from the Coalition for Fair Trade in Hardwood Plywood, *Certain Hardwood Plywood Products from the People's Republic of China: Request for Scope Clarification* (June 20, 2017). Plaintiffs' scope clarification request asserted that the scope of the investigation did not expressly exclude hardwood and decorative plywood that has a face and/or back veneer comprised of coniferous wood. *Id.* at 2. Plaintiffs scope clarification request asked that Commerce modify the scope of the investigation to read, in relevant part: "{f}or purposes of this proceeding, hardwood and decorative plywood is defined as a generally flat, multilayered plywood or other veneered

panel, consisting of two or more layers or plies of wood veneers and a core, with the face and/or back veneer made of non-coniferous wood (hardwood), coniferous wood (softwood), or bamboo." *Id*. at 9.

16.     On October 16, 2017, Commerce issued a Post-Preliminary Scope Decision Memorandum.  Memorandum, *Re: Certain Hardwood Plywood Products from the People's Republic of China: Scope Comments Post-Preliminary Decision Memorandum* (Oct. 16, 2017).  In its post-preliminary scope memorandum Commerce determined, after reviewing the record and parties' comments, that there was no record evidence to call into question its preliminary determination that products with both face and back veneers of softwood are outside of the scope.  *Id*. at 10.  On November 6, 2017, Commerce issued its final scope comments decision memorandum in which Commerce confirmed its earlier findings provided in its post-preliminary scope memorandum.  Memorandum, *Re: Certain Hardwood Plywood Products from the People's Republic of China: Final Scope Comments Decision Memorandum* (Nov. 6, 2017).  In the final scope decision memorandum Commerce explicitly disagreed with plaintiffs' argument that hardwood plywood with both face and back veneers of softwood cannot be expressly excluded from the scope because the scope does not provide an express exclusion for such products.  *Id*. at 18.

**The First Anti-Circumvention Proceeding (and Subsequent Court Appeal)**

17.     On February 15, 2018, the Coalition for Fair Trade of Hardwood Plywood (of which plaintiffs in the underlying proceeding are members) submitted to Commerce a

request for Anti-Circumvention Inquiry.  Letter to Commerce, *Certain Hardwood Plywood Products from the People's Republic of China: Request for Anti-Circumvention Inquiry* (Feb. 15, 2018).  The Coalition alleged that "imports of plywood with face and back veneers made of coniferous wood, i.e., softwood, from the PRC are circumventing the antidumping and countervailing duty order on certain hardwood plywood products from the PRC." *Id*.

18.     After receiving comments from interested parties, on April 2, 2018, Commerce issued its determination, finding that it was unnecessary to consider whether plywood products with both face and back veneers of softwood are within the scope of the Orders pursuant to the Coalition's request, because it had already determined during the investigations that such products are not included in the scope.  Memorandum, *Re: Certain Hardwood Plywood Products from the People's Republic of China: Minor Alterations Anti-Circumvention Inquiry Request* (Apr. 2, 2018).  Commerce explained that the record showed, pursuant to Commerce's unchallenged final scope determination in the underlying investigation, the plain language of the scope explicitly excluded the subject softwood plywood product.  *Id*. at 12-16.  Accordingly, consistent with the Court of Appeals for the Federal Circuit's ("Federal Circuit") holding in *Wheatland Tube Co. v. United States*, 973 F. Supp. 149, 162 (Ct. Int'l Trade 1997), Commerce determined that it "would be inappropriate to conduct a minor alterations anti-circumvention inquiry on plywood with both face and back veneers of softwood because such products are not included in the scope." *Id*. at 14.

19.    Following Commerce's final circumvention determination, members of the Coalition initiated a court appeal challenging Commerce's conclusion that "it is unnecessary to consider whether plywood products with both face and back veneers of softwood are within the scope of the Orders . . . because {it had} already determined during the investigation that such products are not included in the scope." *See Columbia Forest Prods. v. United States*, 399 F. Supp. 3d 1283, 1288 (Ct. Int'l Trade 2019) (quoting Commerce's determination).  However, the Court of International Trade rejected Petitioner's argument, concluding that Commerce's circumvention determination that rejected Petitioner's attempt to include products outside the scope was supported by substantial evidence and otherwise in accordance with law. *Id.* at 1295.

**The Second Anti-Circumvention Proceeding (and Subsequent Court Appeal)**

20.    On June 26, 2018, the very same Coalition of Fair Trade of Hardwood Plywood, represented by the very same law firm, filed a second request for an anti-circumvention investigation.  This second time the Coalition sought to include within the scope a subset of plywood with softwood veneers under a different legal theory. Specifically, the Coalition alleged that certain merchandise constituted "later developed merchandise" for purposes of 19 U.S.C. § 1677j(d).

21.    This later developed merchandise was described as:

plywood with both face and back veneers of radiata pine (or agathis pine) with the following characteristics: "(1) has a Toxic Substances Control Act (TSCA) or California Air Resources Board (CARB) label certifying that it is compliant with TSCA/CARB requirements; and (2) is made with a resin, the majority of which is comprised of one or more of the following three product types – urea formaldehyde, polyvinyl acetate, and/or soy."

22.     During proceeding (indeed early in the proceeding), Shelter Forest submitted extensive comments and supporting documentation to Commerce opposing the Coalition's request for a second anti-circumvention proceeding.  Such supporting documentation provided substantial evidence that the "inquiry merchandise" was commercially available in the United States prior to December 2016, the date of initiation for the Orders covering hardwood plywood from China.  As Shelter Forest explained and documented, during 2010-2013, the company itself had more than 400 individual sales transactions of inquiry merchandise in the United States.

23.     Notwithstanding this documentation, Commerce rendered an affirmative preliminary conclusion of circumvention.  *Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*, 84 Fed. Reg. 27,081 (June 11, 2019).  Commerce's preliminary affirmative conclusion of circumvention was based on its preliminary decision memorandum issued in June 2019.  *See* Memorandum, *Preliminary Decision Memorandum for the Anti-Circumvention Inquiry on the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China* (June 4, 2019).  In this decision memorandum, Commerce preliminarily determined that Shelter Forest had adequately demonstrated sales of radiata pine CARB-certified plywood, but had not adequately demonstrated the composition of the glue used in such plywood products.  *See id.* at 16-17.

24.     On July 3, 2019, Shelter Forest submitted a letter to Commerce responding to the implicit request in Commerce's preliminary determination for additional supporting documentation regarding the chemical composition of the "E0" glue used in its radiata pine CARB-certified plywood products.  Such documentation included, *inter alia*, official instructions for the "Method and Process of Mixing E0 Grade Urea-formaldehyde glue", which provided the exact chemical materials to produce E0 glue.

25.     On July 10, 2019 Commerce issued a letter to Shelter Forest stating that Commerce did not believe its preliminary determination contained an implicit request for clarification and therefore, in Commerce's view, Shelter Forest's July 3rd letter contained untimely new factual information.  Accordingly, as set forth in Commerce's July 10th letter, Commerce determined to bounce Shelter Forest's July 3rd submission from the evidentiary record.

26.     However, Commerce's July 10th letter also contained an explicit invitation for Shelter Forest to "request Commerce solicit such information in accordance with 19 CFR 351.301(a)."  Commerce's July 10th letter stated that any such request had to be submitted to Commerce by Thursday July 16, 2019.

27.     On July 11, 2019 Shelter Forest submitted this very request.  Specifically, Shelter Forest's July 11, 2019 letter requested Commerce to solicit and consider new factual information concerning the "E0 glue" that Shelter Forest had previously demonstrated was utilized to produce the inquiry merchandise.  Shelter's July 11th letter explicitly stated that "the information and detailed supporting documentation that Shelter will provide will completely remove any remaining uncertainty as to whether the radiata

pine CARB-certified plywood that Shelter Forest imported and sold prior to 2016 was produced with a glue having a urea formaldehyde base. The information and detailed supporting documentation will demonstrate unequivocally that, in fact, the radiata pine CARB-certified plywood that Shelter Forest imported and sold prior to 2016 was produced with a glue having a urea formaldehyde base."

28.     On July 17, 2019, Commerce issued a letter to Shelter Forest stating that it was denying Shelter Forest's request for Commerce to solicit additional information.

29.     On November 22, 2019, the Commerce Department released its Final issues and decisions memorandum, in which it explained its final determination that Shelter Forest had not sold inquiry merchandise prior to December 2016.  Memorandum, *Issues and Decision Memorandum for the Final Determination of the Anti-Circumvention Inquiry: Certain Hardwood Plywood Products from the People's Republic of China* (Nov. 22, 2019) at 25.  Commerce published its final determination on November 29, 2019. *See Certain Hardwood Plywood Products From the People's Republic of China: Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 84 Fed. Reg. 65,783 (Nov. 29, 2019).

30.     Shelter Forest (and others) appealed the Commerce final circumvention determination to the Court of International Trade ("Trade Court").  And in *Shelter Forest Int'l Acquisition, Inc. v. United States*, 497 F. Supp. 3d 1388 (Ct. Int'l Trade 2021), the Trade Court rendered a decision that the Commerce circumvention determination could not be sustained.   The Trade Court concluded that Commerce's affirmative circumvention decision was not supported by substantial evidence and was not in

accordance with law.  *Id.* at 1398.  The Trade Court concluded that Commerce had abused its discretion in refusing to accept Shelter Forest documentation about the composition of the E0 glue used to produce the inquiry merchandise. *Id.* at 1400-1401 And the Trade Court also concluded that, even without this additional Shelter Forest documentation, Commerce's affirmative circumvention determination otherwise was not supported by the evidentiary record.  *Id.* at 1402.  And so, Trade Court remanded the case back to Commerce

31.     During the remand proceeding,  Commerce issued a supplemental questionnaire to Shelter Forest requesting both re-submission of the previously rejected new factual information and clarification and additional documentation.  Shelter Forest provided a complete response to the Commerce supplemental questionnaire.  Commerce then issued its remand redetermination, concluding that, in fact, inquiry merchandise was not circumventing the Orders.  Commerce stated the basis of is remand redetermination as follows:

> We revisited and reevaluated the record evidence and reviewed all comments from interested parties.  We also issued a supplemental questionnaire to Shelter Forest regarding its {new factual information} submission, to which it provided a timely response.
>
> . . .
>
> After analyzing the information on the record, we determine . . .that inquiry merchandise was not later-developed because it was commercially available prior to December 8, 2016.

Final Results of Redetermination Pursuant to Court Remand: Shelter Forest International Acquisition Inc., et al. v. United States, Consol. Court No. 19-00212, Slip Op. 21-19 (CIT February 18, 2021) at 4-5 (May 10, 2021).

32.     This new remand re-determination was affirmed by the Trade Court.

*Shelter Forest Int'l Acquisition, Inc. v. United States*, 2021 Ct. Int'l Trade LEXIS 90 (Ct.

Int'l Trade, July 21, 2021).  Following entry of final judgment, the U.S. petitioners (but

not Commerce) appealed to the Federal Circuit arguing that the Trade Courts decision

requiring a Commerce re-determination was wrong.  The Federal Circuit disagreed.  The

Federal Circuit affirmed the Trade Court's  decision which, in turn, sustained the

Commerce negative circumvention conclusion.  *Shelter Forest Int'l Acquisition, Inc. v.*

*United States*, No. 2021-2281, 2022 U.S. App. LEXIS 16491 (Fed. Cir. June 15, 2022).

## The Third Anti-Circumvention Proceeding

33.     In response to yet another allegation of circumvention by Petitioner, on

June 17, 2020, Commerce published an initiation notice for simultaneous scope and anti-

circumvention inquiries to determine whether certain hardwood plywood products

completed in Vietnam were circumventing the order on certain hardwood plywood

products from China.  *Certain Hardwood Plywood Products From the People's Republic*

*of China: Initiation of Anti-Circumvention Inquiries and Scope Inquiries on the*

*Antidumping Duty and Countervailing Duty Orders; Vietnam Assembly*, 85 Fed. Reg.

36,530 (June 17, 2020).

34.     On July 9, 2020, Commerce issued a memorandum to the file clarifying the

merchandise covered by the joint scope and circumvention proceeding.  In that

memorandum Commerce stated that "{t}he merchandise subject to these

anticircumvention and scope inquiries does not include core veneers fully produced in

Vietnam or a third-country that are assembled into a veneer core platform in Vietnam and combined with a face and back veneer produced in China."  Memorandum, *Clarification of Merchandise Subject to Anti-Circumvention and Scope Inquiries* (July 9, 2020) (emphasis added).

35.     On July 17, 2020, Commerce issued a memorandum to the file releasing certain data maintained by Customs and Border Protection detailing entries of plywood from Vietnam between December 8, 2016 and March 31, 2020 and invited parties an opportunity to comment.   Commerce also announced its intent to issue quantity and value questionnaires to the companies identified in that data.  Memorandum, *Release of U.S. Customs and Border Protection Data and Publicly Identifiable Companies* (July 17, 2020).

36.     On September 10, 2020, Commerce issued a letter to all interested parties containing the quantity and value questionnaires.  Letter to Interested Parties, *Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (Sept. 10, 2020).

37.     On October 1, 2020, Shelter Forest's supplier Lechenwood Viet Nam Company Limited ("Lechenwood") timely filed a response to Commerce's questionnaire. Letter to Commerce, *Certain Hardwood Plywood Products from the People's from Republic of China: Submission of Quantity and Value Response* (Oct. 1, 2020).

38.     On February 22, 2021, Commerce issued a letter to all interested parties containing a supplemental quantity and value questionnaire to all participating Vietnamese exporters.  Letter to Interested Parties, *Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (Feb. 22, 2021).

39.     On February 26, 2021, Commerce also issued a supplemental quantity and value questionnaire directly to Lechenwood.  Letter to Lechenwood, *Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China: Lechenwood Viet Nam Company Limited Quantity and Value Supplemental Questionnaire* (Feb. 26, 2021).

40.     On March 29, 2021, Lechenwood timely filed a combined response to the general questionnaire and the company-specific questionnaire.  Letter to Commerce, *Hardwood Plywood Products from the People's Republic of China: Extension of Deadline for Issuing the Final Determinations in the Anti-Circumvention and Scope Inquiries* (Mar. 29, 2021).

41.     On June 15, 2021, Commerce issued a letter to all interested parties containing a second supplemental quantity and value questionnaire to all participating Vietnamese exporters.  Letter to Interested Parties, *Anti-Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Second Supplemental*

- 16 -

*Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (June 15, 2021).

42.     On July 9, 2021, Lechenwood timely filed a response to Commerce's supplemental questionnaire.  Letter to Commerce, *Certain Hardwood Plywood Products from the People's from Republic of China: Submission of Second Supplemental Quantity and Value Response* (July 9, 2021).

43.     On August 10, 2021, the Government of Vietnam placed certain confidential customs data on the record of the proceeding.  Letter to Commerce, *Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Request for Electronic Data from the Government of Viet Nam* (Aug. 9, 2021).

44.     On February, 18, 2022, Commerce placed certain information from a separate Enforce and Protect Act proceeding on the record of the proceeding. Memorandum, *Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Placing Documents Relevant to this Proceeding on the Record* (Feb. 18, 2022).

45.     On July 29, 2022, Commerce published its preliminary determination in the *Federal Register* finding, *inter alia*, that circumvention had occurred, establishing a certification regime for certain qualifying exporters, and placing Lechenwood on the list of companies that were ineligible to participate in the certification regime due to a facts available with an adverse inference finding flowing from certain questionnaire response deficiencies.  *See Certain Hardwood Plywood Products From the People's Republic of*

*China: Preliminary Scope Determination and Affirmative Preliminary Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 45,753 (July 29, 2022) and accompanying Issues and Decision Memorandum (July 22, 2022); *see also* Memorandum, *Application of Adverse Facts Available for the Preliminary Determination* (July 22, 2022).

46.     On August 19, 2022, Shelter Forest filed certain new factual information pertaining to its entries of inquiry merchandise exported by Lechenwood.  That factual information demonstrated the none of the plywood produced and exported by Lechenwood fell within Commerce's scope determination or any of the production scenarios contemplated in Commerce's circumvention findings.  Letter to Commerce, *Shelter Forest's New Factual Information Regarding Vietnam Origin Plywood* (Aug. 19, 2022).

47.     On September 16, 2022, Lechenwood filed a rebuttal to Commerce's preliminary determination addressing the deficiencies that Commerce found in Lechenwood's questionnaire responses.  Letter to Commerce, *Hardwood Plywood from the People's Republic of China: Lechenwood Rebuttal to the Department's Preliminary Determination* (Sept. 16, 2022).

48.     On October 19, 2022, Commerce issued a letter rejecting Shelter Forest's submission in its entirety.  Letter to Shelter Forest, *Circumvention Inquiry of the Antidumping and Countervailing Duty Orders Certain Hardwood Plywood from the People's Republic of China –Rejection of Shelter Forest's Submission* (Oct. 19, 2022).

49.     On October 24, 2022, Shelter Forest submitted a letter requesting that Commerce reconsider its rejection of the August 19 new factual information submission. Letter to Commerce, *Shelter Forest's Request for Reconsideration of New Factual Information Regarding Vietnam Origin Plywood* (Oct. 24, 2022).

50.     On October 25, 2022, Commerce issued a letter rejecting certain aspects of Lechenwood's September 16 filing due to untimely new factual information.  Letter to Interested Parties, *Circumvention Inquiry of the Antidumping and Countervailing Duty Orders Certain Hardwood Plywood from the People's Republic of China – Rejection of Lechenwood's Submission* (Oct. 25, 2022).

51.     On December 6, 2022, Commerce issued a letter rejecting Shelter Forest's request for reconsideration of the decision to reject its August 19 new factual information submission.  Letter to Shelter Forest, *Circumvention Inquiry of the Antidumping and Countervailing Duty Orders Certain Hardwood Plywood from the People's Republic of China – Request to Reconsider Submission of New Factual Information* (Dec. 6, 2022).

52.     On January 9, 2023, Shelter Forest filed a case brief which was rejected due to the presence of new factual information and was timely submitted within the time line prescribed by Commerce.  Letter to Commerce, *Shelter Forest's Revised Case Brief* (Jan. 30, 2023).

53.     On January 30, 2023, Shelter Forest filed a rebuttal brief.  Letter to Commerce, *Shelter Forest's Rebuttal Brief* (Jan. 30, 2023).

54.     On February 15, 2023, Shelter Forest participated in the public hearing held by Commerce in this proceeding.  Hearing Transcript, *In Re: the Circumvention and*

*Scope Queries on the Antidumping Case Nos. Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China* (Feb. 23, 2023).

55.   On July 20, 2023, Commerce published a notice of its final determination in the *Federal Register* finding, *inter alia*, that there was no reason to accept the new factual information submitted by Shelter Forest because it was untimely and maintaining its facts available finding with respect to Lechenwood.  *See Final Determination*, 88 Fed. Reg. 46,740.

## STATEMENT OF CLAIMS

56.   In the following respects, and for other reasons apparent in the administrative record of the challenged proceeding, Commerce's decision to reject Shelter Forest's factual information submission as arbitrary and its determination regarding Lechenwood's compliance with the investigation was unsupported by substantial evidence and otherwise not in accordance with law.

**Count 1:   Commerce's Refusal to Accept Relevant Factual Information Submitted by Shelter Forest 11 Months Before The Final Determination Was Arbitrary And Therefore The Resulting Determination was Unlawful**

57.   Shelter Forest hereby re-alleges and incorporates by reference paragraphs 1 through 56.

58.   On July 29, 2022, Commerce issued the preliminary determination in this proceeding in which it found that Shelter Forest's supplier, Lechenwood, had not provided a useable questionnaire response and was thus barred from certifying that it did

not export inquiry merchandise.  The prohibition had both future and retroactive effects.

That is, the Commerce Department's ruling meant that imports buy Shelter Forest before

the preliminary determination were subject to AD/CVD duties.

59.    On August 19, 2022, Shelter Forest submitted factual information to

Commerce demonstrating that its all of its imports from Lechenwood consisted of

hardwood plywood with a core produced in Vietnam and therefore fell outside the

definition of inquiry merchandise (according to the Department's own definition ) and

therefore could not lawfully be subjected to AD/CVD duties on hardwood plywood from

China.  Commerce rejected that information despite its direct relevance to certain

conclusions made during the preliminary determination.

60.    Shelter Forest was thus barred from referencing this exculpatory evidence

in subsequent filings to Commerce despite that fact that Commerce would not make a

final determination for 335 days.

61.    The rejection of Shelter Forest's factual information was thus arbitrary and

Commerce's determination was not based on the whole record and was therefore

unlawful.

**Count 2:      Commerce's Refusal to Accept Relevant Factual Information
               Submitted by Lechenwood 10 Months Before The Final Determination
               Was Arbitrary And Therefore The Resulting Determination was
               Unlawful**

62.    Shelter Forest hereby re-alleges and incorporates by reference paragraphs 1

through 61.

63.     In the wake of Commerce's preliminary determination, numerous Vietnamese exporters attempted to provide information to Commerce regarding the deficiencies raised by Commerce as the basis of application of facts available with an adverse inference.  Lechenwood made such a submission on September 16, 2022 addressing the trade data and affiliation issues identified by Commerce in its preliminary determination.

64.     Commerce rejected all of those submissions, including Lechenwood's, as untimely despite the fact that they were directly relevant to conclusions that had been made only in the preliminary determination.

65.     Lechenwood, and Shelter Forest, were thus barred from referencing the exculpatory evidence contained in that submission in subsequent filing to Commerce despite the fact that that Commerce would not make a final determination for 307 days.

**Count 3:      Commerce's Application of Facts Available with an Adverse Inference to Lechenwood was not Consistent with its Obligation Under 19 U.S.C. § 1677m(d) and was Thus Unlawful**

66.     Shelter Forest hereby re-alleges and incorporates by reference paragraphs 1 through 65.

67.     Commerce applied facts available with an adverse inference to Lechenwood for an alleged failure to provide accurate in formation in its questionnaire response.  Commerce, however, never informed Lechenwood of the nature of the deficiencies it had identified in Lechenwood's questionnaire responses and only directed a single questionnaire to Lechenwood.

68.     Lechenwood responded to all of Commerce's questionnaires and upon learning of the perceived deficiencies in its responses submitted clarifying information to Commerce that was rejected as untimely.

69.     Commerce failed to observe the strictures of 19 U.S.C. § 1677m(d) with respect to Lechenwood's questionnaire responses and its determination that Lechenwood had not provided sufficient information to allow it to participate in the certification regime was unlawful.

**Count 4:     Commerce's Effective Determination That Lechenwood Had Circumvented The AD/CVD Orders By Exporting To The United States Hardwood Plywood From Vietnam That Was Within One Of The Production Scenarios Found To Be Circumventing The Order Was Not Supported By Substantial Evidence**

70.     Shelter Forest hereby re-alleges and incorporates by reference paragraphs 1 through 69.

71.     Commerce initiated the underlying anti-circumvention inquiry in order to determine whether the criteria for an affirmative conclusion of circumvention – set forth in 19 U.S.C. § 1677j(b) and 19 C.F.R. § 352.225 – had been satisfied.  Such statutory provision concerns whether merchandise is produced in a third country from material inputs originating in the country that is the subject of the AD/CVD orders (in this case China).

72.     Commerce's anti-circumvention inquiry focused on five different production scenarios in Vietnam.  However, none of these production scenarios involved production of hardwood plywood in Vietnam utilizing a core veneer produced in

Vietnam.  Indeed, (as noted above) Commerce itself had issued a specific memorandum stating that hardwood plywood that was produced in Vietnam utilizing a core veneer that was not from China did constitute "inquiry merchandise."  Memorandum, *Clarification of Merchandise Subject to Anti-Circumvention and Scope Inquiries* (July 9, 2020).

73.     Commerce's final determination rendered an affirmative circumvention determination for Lechenwood and so effectively concluded that Lechenwood had exported to the United States hardwood plywood produced in Vietnam that contained a Chinese core.  However, there is no evidence in the record that suggests that Lechenwood did in fact export inquiry merchandise to the United States.  Indeed, the basis for Commerce's adverse findings were entirely unrelated to Lechenwood's actual production and did not include a finding that Lechenwood's reporting that none of its U.S. exports of hardwood plywood contained Chinese produced cores was inaccurate.

74.     Because Commerce had no basis in the record to conclude that Lechenwood, had in fact, exported "inquiry merchandise," its determination is unsupported by substantial evidence.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Shelter Forest prays that this Court enter judgment as follows:

(A)    Enter judgment in favor of Shelter Forest;

(B)    Hold unlawful the aspects of Commerce's final circumvention determination challenged in this complaint;

(C)    Remand this proceeding to Commerce with instructions to revise its final determination in conformity with the Court's decision; and

(D)    Grant Shelter Forest such additional relief as the Court may deem just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James C. Beaty
Katherine R. Afzal

**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-452-7373

*Counsel for Shelter Forest International Acquisition Inc.*

</div>

July 25, 2023