**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| SHELTER FOREST INTERNATIONAL ACQUISITION, INC., ) ) ) | |
| Plaintiff, ) ) | |
| GREATRIVER WOOD CO., LTD (a.k.a. CONG ) TY TNHH GREATRIVER WOOD and ) GREATRIVER WOOD COMPANY LIMITED, ) ET. AL. ) ) | Before: Hon. Mark A. Barnett, Chief Judge |
| Consolidated Plaintiffs, ) ) v. ) ) | Court No. 23-00144 |
| UNITED STATES, ) ) | PUBLIC VERSION Business Proprietary Information Removed on Pages: 3, 4, 9, 10, 11 |
| Defendant, ) ) | |
| COALITION FOR FAIR TRADE IN ) HARDWOOD PLYWOOD, ) ) | |
| Defendant-Intervenor. ) ) | |

## GREATRIVER WOOD CO., LTD's RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade, Greatriver Wood Co., Ltd., a.k.a. Cong Ty TNHH Greatriver Wood or Greatriver Wood Company Limited ("Greatriver"), respectfully moves this Court for an order granting judgment on the agency record against Defendant, the United States. Greatriver is entitled to judgment in its favor, as explained in the accompanying memorandum of law.

WHEREFORE, Greatriver respectfully moves this Court to enter an order granting its motion for judgment on the agency record, setting aside as unlawful the final determination of

the U.S. Department of Commerce challenged herein, and remanding the final determination for

reconsideration in accordance with the Court's decision.

Respectfully submitted,

/s/ Jeffrey S. Neeley
Jeffrey S. Neeley, Esq.
Stephen Brophy, Esq.
Jamie Shookman, Esq.
HUSCH BLACKWELL, LLP
1801 Pennsylvania Avenue
NW Suite 1000
Washington, DC  20006
(202) 378-2334
jeffrey.neeley@huschblackwell.com

*Counsel for Greatriver Wood Co., Ltd.*

Dated: May 1, 2024

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHELTER FOREST INTERNATIONAL ACQUISITION, INC., <br><br> Plaintiff, <br><br> GREATRIVER WOOD CO., LTD (a.k.a. CONG TY TNHH GREATRIVER WOOD and GREATRIVER WOOD COMPANY LIMITED, ET. AL. <br><br> Consolidated Plaintiffs, <br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, <br><br> Defendant-Intervenor. | Before: Hon. Mark A. Barnett, <br> Chief Judge <br><br> Court No. 23-00144 <br><br> <u>PUBLIC VERSION</u> <br> Business Proprietary Information <br> Removed on Pages: 3, 4, 9, 10, 11 |

## <u>GREATRIVER WOOD CO., LTD's MEMORANDUM IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD</u>

Jeffrey S. Neeley, Esq.
Stephen Brophy, Esq.
Jamie Shookman, Esq.

HUSCH BLACKWELL, LLP
1801 Pennsylvania Avenue
NW Suite 1000
NW Washington, DC 20006
Tel. (202) 378-2357

*Counsel for Greatriver Wood Co., Ltd.*

Dated: May 1, 2024

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   RULE 56.2 STATEMENT .................................................................................. 1

      A.    Administrative Decision Under Review ................................................. 1

      B.    Issues Presented .................................................................................... 2

III.  SUMMARY OF THE ARGUMENT .................................................................. 2

IV.   STATEMENT OF FACTS ................................................................................... 3

V.    LEGAL STANDARD .......................................................................................... 5

VI.   ARGUMENT ........................................................................................................ 9

      A.    Commerce Unreasonably Used AFA Against Greatriver and Excluded the
            Company from the Certification Process ................................................. 9

            1.    Sourcing ........................................................................................ 9

            2.    Wood Species ............................................................................. 11

            3.    Alleged Failure to Respond to One Question ............................ 12

      B.    Commerce Violated 19 U.S.C. § 1677m(d) By Failing To Provide an
            Opportunity to Remedy Deficiencies .................................................. 14

      C.    Greatriver Joins-In and Incorporates by Reference the Arguments Filed by
            Plaintiffs and Other Consolidated Plaintiffs ....................................... 17

VII.  CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Acquisition, Inc. v. United States,*
No. 2021-2281, 2022 U.S. App. LEXIS 16491 (Fed. Cir. June 15, 2022) ................................. 8

*Bowe–Passat v. United States,*
17 CIT 335 (1993) ............................................................................................................. 8, 16

*China Kingdom Imp. & Expo. Co. v. United States,*
31 C.I.T. 1329, 1344-45 (2007) .............................................................................................. 8

*Clearon Corporation v. United States,*
ted States, 359 F. Supp. 3d 1344 (Ct. Int'l Trade 2019) ......................................................... 6

*F.Lli de Cecco di Filippo Fara S. Martino S.p.A. v. United States,*
216 F.3d 1027 (Fed. Cir. 2000) .............................................................................................. 7

*Guizhou Tyre Co. v. United States,*
415 F. Supp. 3d 1335 (Ct. Int'l Trade 2019) ........................................................................... 6

*Hitachi Energy USA Inc. v. United States,*
34 F.4th 1375 (Fed. Cir. 2022) ........................................................................................ 8, 16

*Nat'l Nail Corp. v. United States,*
390 F. Supp. 3d 1356 (Ct. Int'l Trade 2019) ......................................................................... 8

*Nippon Steel Corp. v. United States,*
337 F.3d 1373 (Fed. Cir. 2003) ........................................................................................ 7, 14

*Queen's Flowers de Colombia v. United States,*
981 F.Supp. 617 (Ct. Int'l Trade 1997) ................................................................................ 16

*Saha Thai Steel Pipe Public Co., Ltd. v. United States,*
605 F.Supp.3d 1348 (Ct. Int'l Trade, Dec. 2, 2022) ............................................................... 8

*Shandong Huarong Mach. Co. v. United States,*
435 F. Supp. 2d 1261 (Ct. Int'l Trade 2006) ........................................................................... 5

*Shelter Forest,*
2022 U.S. App. LEXIS 16491 .............................................................................................. 14

*Ta Chen Stainless Steel Pipe v. United States,*
23 C.I.T. 804 (1999) ............................................................................................................. 16

*Usinor Sacilor v. United States,*
  19 CIT 711, 893 F.Supp. 1112 (1995) ............................................................................ 8, 16

<u>Statutes</u>

19 U.S.C. § 1677 ................................................................................................................ 2

19 U.S.C. § 1677e(a) ...................................................................................................... 6, 7

19 U.S.C. § 1677e(b) .......................................................................................................... 7

19 U.S.C. § 1677e(b)(1) ...................................................................................................... 7

19 U.S.C. § 1677m(d) ..................................................................................................... 7, 14

19 U.S.C. § 1677e ............................................................................................................... 6

19 U.S.C. § 1677e(a)(1) ...................................................................................................... 6

<u>Other Authorities or Agency Determinations</u>

*Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Scope
  Determination and Affirmative Preliminary Determination of Circumvention of the
  Antidumping and Countervailing Duty Orders,*
  87 Fed. Reg. 45,753 (July 29, 2022) ........................................................................... 3, 15

*Certain Hardwood Plywood Products From the People's Republic of China: Final Scope
  Determination and Affirmative Final Determination of Circumvention of the Antidumping and
  Countervailing Duty Orders,*
  88 Fed. Reg. 46,740 (July 20, 2023) ...................................................................... 1, 3, 5, 10

## I.    INTRODUCTION

On behalf of Greatriver Wood Co., Ltd., a.k.a. Cong Ty TNHH Greatriver Wood or Greatriver Wood ("Greatriver"), we respectfully submit the following brief in support of Greatriver's Rule 56.2 Motion for Judgment on the Agency Record.  Greatriver previously submitted a brief in support of its Rule 56.2 motion that addressed the U.S. Department of Commerce's ("Commerce") procedures in conducting the scope and circumvention inquiries at issue in this case.  *See* ECF No. 33 (the "Tranche 1 Brief").  The present brief addresses legal and factual challenges to Commerce's application of total adverse facts available to Greatriver (the "Tranche II Brief"), in accordance with the Scheduling Order of November 29, 2023, *see* ECF No. 30 ("Scheduling Order").

## II.    RULE 56.2 STATEMENT

### A.    Administrative Decision Under Review

The administrative determination sought to be reviewed in this case is Commerce's final scope and circumvention determination concerning the antidumping and countervailing duty orders on hardwood plywood from the People's Republic of China.  *See Certain Hardwood Plywood Products From the People's Republic of China*: *Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (July 20, 2023) ("Final Determination"), **PR844**.  The Final Determination incorporated Commerce's Final Issues & Decision Memorandum ("Final IDM"), **PR842**.[1]

---

[1] "PR" refers to public records on Commerce's public index to the administrative record.  *See* ECF No. 21-1.  "CR" refers to confidential records on Commerce's confidential index to the administrative record.  *See* ECF No. 21-2.

### B.    Issues Presented

1.  Issue One: Whether substantial evidence supported Commerce's application of adverse facts available to Greatriver, given that none of the allegedly omitted information identified by Commerce was material information that was missing from the record.

2.  Issue Two: Whether Commerce's application of total adverse facts available was in accordance with the law, given that it failed to issue any supplemental questionnaires identifying the perceived discrepancies in Greatriver's responses, and it thereby failed to offer Greativer any opportunity to remedy or explain the alleged discrepancies, as required by 19 U.S.C. § 1677m(d).

## III.    SUMMARY OF THE ARGUMENT

Commerce's application of adverse facts available to Greatriver is not supported by substantial evidence, because the stated bases for this determination do not demonstrate any material information that is missing from the administrative record.  The perceived discrepancies in Greatriver's responses, including an allegedly omitted supplier of Chinese inputs, as well as inconsistent reporting of the wood species used in producing its hardwood plywood, created no gaps in the record.  Even if the requested information were missing, it is not material to determining whether Greatriver engaged in any of the five production scenarios subject to the scope and circumvention inquiries at issue in this case.

Moreover, to the extent that Commerce identified any discrepancies in Gretriver's responses, it failed to notify Greatriver of the issues by issuing a supplemental questionnaire, as required by 19 U.S.C. 1677m(d).  As a result, the application of total adverse facts available to Greatriver was not in accordance with the law.

IV.    **STATEMENT OF FACTS**

Greatriver incorporates the Statement of Facts set forth in its Tranche 1 Brief and provides the additional facts relevant to its Tranche 2 Brief below.

On July 29, 2022, Commerce published its preliminary determination, accompanying issues and decision memorandum, as well as its memorandum on the application of adverse facts available. *See Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Scope Determination and Affirmative Preliminary Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 45,753 (July 29, 2022) ("Preliminary Determination"), **PR415**, *Final Issues and Decision Memo* (July 17, 2023) ("Final IDM"), **PR842** and Memorandum, *Application of Adverse Facts Available for the Preliminary Determination* (July 25, 2022) ("AFA Memorandum"), **PR 410, CR412**.

The AFA Memorandum explained that Greatriver was among a group of 22 companies that allegedly provided responses with significant discrepancies. AFA Memorandum at 23, **PR410, CR412**. On July 20, 2023, three years after initiating its investigation, Commerce published its Final Determination. *See Final Determination*, 88 Fed. Reg. 46,740, **PR844** and Final IDM, **PR 842**. Commerce maintained its finding of adverse facts available with respect to Greatriver, therefore determining, based on adverse inference, that Greatriver was producing "hardwood plywood under *all five of the production scenarios* subject to these inquiries." *Id.* (emphasis added).

The Final IDM identified three alleged discrepancies in Greatriver's responses:

First, Commerce claimed that Greatriver failed to report a supplier of Chinese inputs, [                                                    ], relying on information that it received from the Government of Vietnam. AFA Memorandum at 9, **PR410**, **CR412** and Final IDM at 89, **PR842**. Commerce did not address, however, the fact that Greatriver had reported that its Vietnamese

supplier, [          ], imported face veneers from [                     ],

and that record therefore demonstrated Greatriver's use of inputs from this supplier.  *See* Letter

to Commerce, *Certain Hardwood Plywood Products from the People's Republic of China:*

*Submission of Second Supplemental Quantity and Value Response* (July 9, 2021) at Exhibits S-1

("Second Supplemental Response"), **PR310**, **CR280-282**.

      Second, *Commerce* claimed that Greatriver "failed to consistently identify all species of

wood," noting that certain species were first identified in its Second Supplemental Response.

AFA Memorandum at 9, **PR410**, **CR412** and Final IDM at 89-90, **PR842**.  However, Commerce

cited no species of wood that Greatriver had failed to identify altogether.  Instead, Commerce

simply identified certain species that Greatriver first reported in supplemental submissions, as

opposed to its initial submission.  *Id.*  Put another way, Greatriver provided the information that

Commerce claims that it failed to identify.  Moreover, the discrepancies related to species used

for face and back veneers, rather than cores.

      Third, Commerce stated that Greatriver did not provide information requested by

Commerce, specifically "{an exhaustive list of all tariff schedule subheadings of products {that}

affiliates of your company exported from China to Vietnam under subheadings 4408 and 4412}."

AFA Memorandum at 10, **PR410**, **CR412** and IDM at 90, **PR842**.  As noted in the AFA

Memorandum, however, Greatriver had responded to this question by stating that "it does not

have any affiliates in China," and Commerce offered no explanation as to how this response was

not complete, given the inquiry's focus on affiliates' exports "from China to Vietnam."  *Id.*

      As a result of these alleged discrepancies, Commerce found it "necessary to rely on facts

available," and "appropriate to apply facts available with an adverse inference" to Greatriver.

AFA Memorandum at 23, **PR410**, **CR412**.

Following Commerce's preliminary determination, Greatriver made repeated requests to address the perceived discrepancies identified in the AFA Memorandum, which Great River believed were without any factual basis. As explained in our Tranche I brief, however, Commerce never responded to those requests to address the facts on the record, never reopened the record, and never issued any additional or supplemental questions. *See* Tranche I Brief at 11. Despite providing no opportunity to explain or rebut the preliminary determination, Commerce maintained its adverse facts available finding against Greatriver in its Final Determination. IDM at 103, **PR412**.

This appeal followed.

## V.    LEGAL STANDARD

To apply adverse facts against an interested party, Commerce must first determine that it is appropriate to use facts otherwise available. *See e.g., Shandong Huarong Mach. Co. v. United States*, 435 F. Supp. 2d 1261, 1289 (Ct. Int'l Trade 2006) ("Absent a valid decision to use facts otherwise available, Commerce may not use an adverse inference"). The statute provides that such use is appropriate only in certain limited circumstances:

**(a) In general**

If--

**(1)** necessary information is not available on the record, or

**(2)** an interested party or any other person—

> **(A)** withholds information that has been requested by the administering authority or the Commission under this subtitle,
> **(B)** fails to provide such information by the deadlines for submission of the information or in the form and manner requested, subject to subsections (c)(1) and (e) of section 1677m of this title,
> **(C)** significantly impedes a proceeding under this subtitle, or
> **(D)** provides such information but the information cannot be verified as provided in section 1677m(i) of this title,

5

the administering authority and the Commission shall, subject to section 1677m(d) of this title, use the facts otherwise available in reaching the applicable determination under this subtitle.

19 U.S.C. § 1677e.

In accordance with these statutory provisions, Commerce must make a threshold finding that "necessary information is not available" on the record. § 1677e(a)(1). As this Court has stated, the application of facts otherwise available requires a "a gap in the record." *Guizhou Tyre Co. v. United States*, 415 F. Supp. 3d 1335, 1338 (Ct. Int'l Trade 2019). Likewise, the Statement of Administrative Action providing interpretive guidance for this provision confirms that the "facts otherwise available" provision is intended to permit Commerce to "fill { } gaps in the record." Statement of Administrative Action, Uruguay Round Agreements Act, accompanying H.R.Rep. No. 103–316, at 869 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4199 (explaining that § 1677e(a) "generally will require Commerce to reach a determination by filling gaps in the record due to deficient submissions or other causes").

In addition, "*necessary* information" means information that is material to the issue under investigation. § 1677e(a)(1) (emphasis added). As the Court explained in *Clearon Corporation v. United States*, Commerce must be able to adequately answer the question "why was the requested information necessary for Commerce to make its determination under these facts?" 359 F. Supp. 3d 1344, 1358-59 (Ct. Int'l Trade 2019) (the use of facts otherwise available unwarranted where the missing information did not relate the statutory factors for determining the presence or absence of a subsidy, *i.e.*, the "manufacture, production, or export" of the investigated merchandise).

In addition, if Commerce determines a material gap or discrepancy in the record exists, it must notify the responding party and issue supplemental questionnaires.  The statute explicitly provides as follows:

> {i}f the administering authority ... determines that a response to a request for information under this subtitle does not comply with the request, the administering authority ... shall promptly inform the person submitting the response of the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency in light of the time limits established for the completion of ... reviews under this subtitle.

§ 1677m(d).

The statute further provides that adverse facts available may only be used if an interested party has "failed to cooperate by not acting to the best of its ability to comply with a request for information."  § 1677e(b).  However, the Court of Appeals for the Federal Circuit ("Federal Circuit") has clarified that "the purpose of section 1677e(b) is to provide respondents with an incentive to cooperate, not to impose punitive, aberrational, or uncorroborated margins." *F.Lli de Cecco di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027, 1032 (Fed. Cir. 2000).  Consistent with this stated purpose, the best of its ability standard does not require perfection.  *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382 (Fed. Cir. 2003).

Thus, as the Court has explained, Commerce must follow three steps in order to apply adverse facts available:

> The legal test at issue here contains three steps. First, to rely on facts otherwise available, Commerce must identify why it is doing so. See 19 U.S.C. § 1677e(a). Then Commerce must "promptly inform the person submitting the response of the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency . . . ." 19 U.S.C. §1677m(d). Commerce may only apply an adverse inference if it finds that a respondent failed to cooperate to the best of its ability. 19 U.S.C. § 1677e(b)(1).

*Saha Thai Steel Pipe Public Co., Ltd. v. United States*, 605 F.Supp.3d 1348, 1361 (Ct. Int'l Trade, Dec. 2, 2022).

These statutory requirements are not ambiguous. *China Kingdom Imp. & Exp. Co. v. United States*, 31 Ct. Int'l Trade 1329, 1344-45 (2007). In particular, the Court will not excuse Commerce's failure to abide by its statutory obligation to notify an interested party of a perceived discrepancy. As the Court has explained, it will not endorse "an investigation where {Commerce} sent out a general questionnaire and a brief deficiency letter, then effectively retreated into its bureaucratic shell, poised to penalize {respondent} for deficiencies not specified in the letter that {Commerce} would only disclose after it was too late, i.e., after the preliminary determination." *Bowe–Passat v. United States,* 17 Ct. Int'l Trade 335, 343 (1993).

Indeed, Commerce abuses its discretion when it affords no opportunity for a party to "remedy or explain" a perceived deficiency in a response. *Shelter Forest Int'l Acquisition, Inc. v. United States*, No. 2021-2281, 2022 U.S. App. LEXIS 16491, at *13 (Fed. Cir. June 15, 2022); *see also Usinor Sacilor v. United States,* 19 CIT 711, 745, 893 F.Supp. 1112, 1141–42 (1995); *aff'd in part and rev'd in part,* 1999 WL 641231 (Fed.Cir. Aug. 24, 1999) (Commerce abused discretion where plaintiffs were not aware of deficiency until issuance of final results); *Hitachi Energy USA Inc. v. United States*, 34 F.4th 1375, 1384-85 (Fed. Cir. 2022) (same); *Bowe-Passat,* 17 Ct. Int'l Trade at 343 (" . . . the review process is bilateral and interactive" and parties must have reasonable opportunity "to satisfy evidentiary concerns known only by {Commerce's} staff.").

In sum, Commerce's application of adverse facts available must be supported by substantial evidence and in accordance with the law. *See Nat'l Nail Corp. v. United States*, 390 F. Supp. 3d 1356, 1386 (Ct. Int'l Trade 2019) ("Commerce's application of total adverse facts

available in the Remand Results is neither supported by substantial evidence nor in accordance with law. That is, neither the law nor the facts support the Department's findings . . .").

As discussed in more detail below, neither the facts nor the law support Commerce's application of adverse facts available to Greatriver. There are no gaps in the record, and the alleged discrepancies cited by Commerce are not necessary or material to the issue at hand, *i.e.* whether Greatriver engaged in any of the five production scenarios subject to the scope and circumvention inquiries at issue in this case. In addition, to the extent that Commerce identified any discrepancies in Greatriver's responses, it failed to notify Greatriver of the issues by issuing a supplemental questionnaire, as required by § 1677m(d).

As a result, Commerce's application of adverse facts available was neither supported by substantial evidence nor in accordance with the law.

## VI. ARGUMENT

### A. Commerce Unreasonably Used AFA Against Greatriver and Excluded the Company from the Certification Process

Commerce based its application of adverse facts available against Greatriver on three alleged discrepancies on the record: (1) the alleged failure to report a supplier of Chinese inputs; (2) the alleged failure to identify all of the species of wood it used to produce hardwood plywood; and (3) the alleged failure to answer one of Commerce's questions correctly.

As demonstrated below, none of the alleged bases, either individually or in combination, support a finding that there was a material gap in the record, or that Greatriver failed to cooperate to the best of its ability, both of which are required for the application of adverse facts available.

#### 1. Sourcing

First, Commerce claims that Greatriver failed to report a supplier of Chinese inputs, specifically [                                        ], based on information that Commerce

received from the Government of Vietnam.  AFA Memorandum at 9, **PR410**, **CR412** and Final

IDM at 89, **PR842**.  In addition, Commerce originally asserted that Greatriver failed to report a

second Chinese supplier, [                                        ], but conceded in

the Final Determination that the perceived omission occurred due to misspelling of the company

name in the information provided by the Government of Vietnam, and that Greatriver had, in

fact, reported this company. Final IDM at 89, **PR842**.

    With respect to imports from [                              ], the record

contained no missing information.  Indeed, Greatriver reported that its Vietnamese supplier,

[          ], imported face veneers from [                              ].

Second Supplemental Response at Exhibits S-1, **PR 310**, **CR 280-282**.  Thus, while Greatriver

correctly reported that it did not import directly from [

    ], the information that it placed on the record still demonstrated that Greatriver used inputs

from [                              ] in the production of its hardwood plywood.

*Id*.  The alleged omission identified by Commerce, therefore, was not an omission at all and

created no gaps in the record.

    Moreover, the allegedly missing information was not material to Commerce's

determination.  This information related to inputs from China that were used to produce *face and*

*back* veneers, not *core* veneers.  Such information related to face and back veneers would not be

relevant to determining whether Greatriver produced any of the investigated production

scenarios, as all investigated scenarios contain plywood with Chinese-origin cores.  Nor would

the alleged omission contradict the information provided by Greatriver demonstrating that it only

produces plywood using Vietnamese-origin cores.  Letter to Commerce*, Certain Hardwood*

*Plywood Products from the People's from Republic of China: Quantity and Value Response* (Oct. 1, 2020) ("Initial Response"), **PR 94**, **CR 45-46**.

As explained more in the next section, even if the information identified by Commerce were material and actually missing from the record, Commerce still failed to notify Greatriver of any apparent discrepancies until the preliminary determination, after which it never provided Greatriver an opportunity to explain or rebut its findings. For all of these reasons, the alleged failure to report a supplier of Chinese inputs does not constitute substantial evidence for Commerce's determination to apply facts otherwise available or adverse facts against Greatriver.

### 2. Wood Species

Second, Commerce claims that Greatriver's initial submission failed to identify certain species of wood used to produce its hardwood plywood, and that these species were first reported in subsequent submissions. Specifically, Commerce stated:

> Greatriver also failed to consistently identify all species of wood used to produce its plywood. Greatriver initially reported using [
> ] as well as [      ] in its initial questionnaire response. However, in its first supplemental Q&V response, Greatriver submitted documentation indicating that it sold plywood with [
> ]. Additionally, in its second supplemental Q&V response, Greatriver reported importing [               ] veneers from China, which are species absent from it earlier response. Finally, in its initial Q&V questionnaire response, Greatriver reported consuming [      ] to produce its plywood. However, Greatriver did not report [      ] as a species imported from China or supplied by Vietnamese suppliers in subsequent questionnaire responses so the record does not indicate from where Greatriver obtained its [      ] wood.

*See* AFA Memorandum at 9, **PR410**, **CR412**, and Final IDM at 89, **PR842**.

Commerce, however, does not identify a single species of wood that Greatriver failed to identify in its submissions. Indeed, no species were ultimately missing from the record, though some species were first identified in Greatriver's initial submission and some in later

11

submissions.  In short, Commerce cannot, and does not claim, that it did not have all of information that it needed from Greatriver to have a full record of species used.

To the extent there were any delays in the reporting of some wood species, they were not material to Commerce's determination.  The allegedly inconsistent reporting all related to the veneers that Greatriver used to produce *face and back* veneers.  *See* Initial Response at Attachment II-C, **CR45**, **PR94**; Letter to Commerce*, Hardwood Plywood Products from the People's Republic of China: Supplemental Quantity and Value Questionnaire Response* (March 22, 2021) ("First Supplemental Response"), **PR 207**; **CR 184**, and Second Supplemental Response at Exhibit S-1**, CR280; PR310**.  Commerce identified no inconsistent reporting of the wood species used in Greatriver's *cores*, and indeed, Greatriver consistently reported these three species as acacia, eucalyptus, and MDF.  Initial Response at Attachment II-C, **CR45**, **PR94**; Second Supplemental Response at Exhibit S-3, **CR280**, **PR310.**  Once again, the origin of the face/back veneers is not material to the issue under investigation, which only covers five production scenarios of hardwood plywood with Chinese-origin cores.

In sum, even if any information was missing from the record as to the species used by Greatriver for its face and back veneers, such information is not necessary, relevant, or material to the circumvention issue under investigation and cannot serve as a basis to apply facts otherwise available or adverse inferences.  And, as discussed more below, if Commerce had any questions about the information submitted by Greatriver, it should have issued a supplemental questionnaire.

### 3.    Alleged Failure to Respond to One Question

Finally, Commerce claims that Greatriver failed to answer one of its questions correctly. Specifically, Commerce asked for the following information:

An exhaustive list of all tariff schedule subheadings of products affiliates of your company exported *from China* to Vietnam under subheadings 4408 and 4412.

The identity of each Vietnamese company your *Chinese affiliates* supplied with products under subheading 4408 or 4412. (emphasis added)

Second Supplemental Response at 3, **CR280**, **PR310** (emphasis added).

Greatriver reasonably thought, based on the bolded language ("from China" and "Chinese affiliates"), that this question sought information regarding Chinese affiliates. As a result, Greatriver reported that it does not have any affiliates in China and that the question was not applicable. *Id.* Even when Commerce clarified its question, the requested information was still focused on exports from China. Specifically, Commerce stated that it "seeks an exhaustive list of all products exported *from China and entered into Vietnam* under subheadings 4408 and 4412 by any affiliate of your company, regardless of where that affiliated company is located." Letter to Interested Parties, *Second quantity and Value Supplemental Clarification*, (June 25, 2021) (emphasis added), **PR272**. It is unclear how an affiliate could export "from China" and "into Vietnam" if it is not located in China.

Despite this language by Commerce, Commerce found that Greatriver did not provide the information requested, explaining that it "did not inform Commerce if affiliates of Greatriver, *whether Chinese or not*, exported any items from China." AFA Memorandum at 10 (emphasis added), **PR 410, CR412** and Final IDM at 90; **PR412**.

If Commerce intended to ask about affiliates outside of China and their exports to Vietnam, which it now appears to be saying, it should not have focused its wording only on exports from China. For example, Commerce could have asked whether Greatriver had any affiliates that exported products under the relevant subheadings and requested the country of origin of those exports. Instead, Commerce repeatedly focused on exports "from China," to

which Greatriver reasonably responded that it had no affiliates in China and thus there could be no exports from such affiliates from China. The "best of its ability" standard does not require perfection, and the record in this case simply does not demonstrate that Greatriver failed to meet the required standard. *See Nippon Steel*, 337 F.3d at 1382. Commerce seems to have issued a poorly worded question, and when Greatriver responded based on the literal words of that question, Commerce immediately resorted to AFA. At the very least, as discussed more in the next section, Commerce should have issued a supplemental questionnaire to clarify the issue with Greatriver, as required by the statute.

In summary, Commerce had no reasonable basis to apply adverse facts available to Greatriver. There was no material information missing from the record regarding the materials that it used in its hardwood plywood cores, and all information on the record confirms that it only produced hardwood plywood using Vietnamese origin cores. In addition, Greatriver fully cooperated to the best of its ability throughout the investigation. None of the three issues raised by Commerce, either singly or in combination, justify a finding that Greatriver failed to cooperate to the best of its ability, or provide any basis for applying adverse facts available.

### B. Commerce Violated 19 U.S.C. § 1677m(d) By Failing to Provide an Opportunity to Remedy Deficiencies

To the extent Commerce believed that any of Greatriver's responses were deficient, it had a statutory obligation to provide Greatriver an opportunity to remedy or explain. Instead, Commerce abused its discretion by first notifying Greatriver of its concerns only in its preliminary determination, and then repeatedly rejecting any attempt by Greatriver to supplement the record with additional information, in contravention of its statutory obligations and Court precedent. *See, e.g. Shelter Forest*, 2022 U.S. App. LEXIS 16491, at *13.

14

Moreover, Commerce had ample time to seek clarification from Greatriver but chose not to. Greatriver submitted its Second Supplemental Response responding to Commerce's last questionnaire on July 9, 2021. **CR280**, **PR310**. The Government of Vietnam filed its submission relied upon by Commerce as a basis for AFA two weeks later, on July 21, 2021. GOV's Letter "*Response to the Supplemental Questionnaire*," dated July 21, 2021, **CR360-379**, **PR349-355**. Commerce did not issue its preliminary determination until July 2022, more than a year later. Preliminary Determination, July 29, 2022, **PR415**, and accompanying Issues and Decision Memorandum, July 25, 2022, **PR409.**

Rather than spending this year resolving the alleged inconsistencies on the record, Commerce waited to spring total adverse facts available on Greatriver in the preliminary determination. This "hide the ball" approach is exactly what the statute prohibits. That determination also excluded Greatriver from the certification regime that would have allowed it to demonstrate that it was not producing any investigated merchandise, thereby effectively shutting Greatriver out of the U.S. market.

Greatriver plainly stood ready to cooperate and provide any information necessary to support its responses when it requested that Commerce reopen the record. Letter to Commerce*, Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Comments Regarding Preliminary Determination and Request to Submit New Factual Information* (August 4, 2022), **PR430**. To further its apparent intent to avoid putting any explanation from Greatriver on the record, Commerce scheduled and then abruptly cancelled its verification of Greatriver, where Greatriver was prepared to demonstrate that it did not engage in any of the production scenarios subject to the inquiry. Memorandum: *Circumvention Inquiry on the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from*

*the People's Republic of China: Verification Schedule Update* (October 18, 2022), **PR611**.

When Greatriver attempted to submit evidence that it did not circumvent the order, the

information was rejected by Commerce as untimely, since it was filed after the preliminary

determination, even though Greatriver had no other opportunity to submit the information.

(Rejected) *Objection to Cancellation of Verification* (Oct. 27, 2022), **PR640**.

  While respondents have the burden to create the record, this obligation "…cannot obviate

Commerce's obligation to let the respondent know what information it really wants." *Ta Chen*

*Stainless Steel Pipe v. United States*, 23 Ct. Int'l Trade 804 (1999) (*citing Queen's Flowers de*

*Colombia v. United States,* 981 F.Supp. 617, 628 (Ct. Int'l Trade 1997)).  Thus, Commerce is

required to inform respondents of the information that it seeks, and, in turn, to provide

respondents with a reasonable opportunity to meet its evidentiary burden.  The Court has stated

that:

> In so finding, the Court does not reverse the burden of proof, which remains with
> squarely with the plaintiff.   On the other hand, the review process is bilateral and
> interactive.  The party must be afforded a reasonable opportunity, however, to meet its
> burden and to satisfy evidentiary concerns known only by the ITA staff.

*Bowe–Passat v. United States,* 17 Ct. Int'l Trade at 343.

  The Court will not endorse "an investigation where {Commerce} sent out a general

questionnaire and a brief deficiency letter, then effectively retreated into its bureaucratic shell,

poised to penalize {respondent} for deficiencies not specified in the letter that {Commerce}

would only disclose after it was too late, i.e., after the preliminary determination." *Id.*; *see also*

*Usinor Sacilor,* 893 F.Supp. at 1141-42 (Commerce abused discretion where plaintiffs were not

aware of deficiency until issuance of final results); *see also Hitachi Energy* 34 F.4th at 1384-85

(same).  That is exactly what happened here, just as in earlier cases involving Commerce dating

back over thirty years.

In sum, Commerce's failure to provide Greatriver any opportunity to remedy or explain the alleged discrepancies in the record was a clear violation of the statutory obligations set forth in 1677m(d).  As a result, Commerce's application of adverse facts to Greatriver was not in accordance with the law.

### C. Greatriver Joins-In and Incorporates by Reference the Arguments Filed by Plaintiffs and Other Consolidated Plaintiffs

Greatriver hereby adopt and incorporate by reference the Motions for Judgment on the Agency Record and Memoranda in Support filed by Plaintiffs and other Consolidated Plaintiffs to the extent that they dispute Commerce's final circumvention determination as not supported by substantial evidence and not otherwise in accordance with law.

## VII. CONCLUSION

For the reasons set forth above, Commerce's affirmative circumvention determination was not supported by substantial evidence and not in accordance with law.  As a result, we respectfully request that the Court hold unlawful Commerce's affirmative finding of circumvention and remand this case for Commerce to revise the Final Determination in accordance with the Court's decision.

Respectfully submitted,

/s/ Jeffrey S. Neeley
Jeffrey S. Neeley, Esq.
Stephen Brophy, Esq.
Jamie Shookman, Esq.
HUSCH BLACKWELL, LLP
1801 Pennsylvania Avenue
NW Suite 1000
Washington, DC  20006
(202) 378-2334
jeffrey.neeley@huschblackwell.com

*Counsel for Greatriver Wood Co., Ltd.*

Dated: May 1, 2024

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| SHELTER FOREST INTERNATIONAL ACQUISITION, INC., | ) ) ) |  |
| Plaintiff, | ) ) |  |
| GREATRIVER WOOD CO., LTD (a.k.a. CONG TY TNHH GREATRIVER WOOD and GREATRIVER WOOD COMPANY LIMITED, ET. AL. | ) ) ) ) ) | Before: Hon. Mark A. Barnett, Chief Judge |
| Consolidated Plaintiffs, | ) ) | Court No. 23-00144 |
| v. | ) ) |  |
| UNITED STATES, | ) ) |  |
| Defendant, | ) ) |  |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, | ) ) ) |  |
| Defendant-Intervenor. | ) ) ) |  |

## PROPOSED ORDER

On consideration of the motions for judgment on the agency record filed by Greatriver

Wood Co., Ltd., a.k.a. Cong Ty TNHH Greatriver Wood or Greatriver Wood Company Limited

("Greatriver"), Plaintiff, and the other Consolidated Plaintiffs, Defendant and Defendant-

Intervenor's response, and all other pertinent papers, it is hereby:

ORDERED that the motions filed by Greatriver, Plaintiff and the other Consolidated

Plaintiffs are granted, and it is further

ORDERED that the final determination of the U.S. Department of Commerce ("Commerce") is set aside as unlawful, and it is further

ORDERED that Commerce's final determination is remanded for reconsideration in accordance with the Court's decision.

Dated: _____                              _____
New York, New York                                 Mark A. Barnett, Chief Judge

19

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the Court's word limitation requirement.  The word count for the foregoing brief, as computed by Husch Blackwell's word processing system (Microsoft Word), is 5991 words.


Dated: May 1, 2024                                          /s/ Jeffrey S. Neeley
                                                            Jeffrey S. Neeley