**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| SHELTER FOREST INTERNATIONAL ACQUISITION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| GREATRIVER WOOD CO., LTD., ET AL., | ) ) |
| Consolidated Plaintiffs, | ) ) |
| v. | ) ) Consol. Court No. 23-00144 |
| UNITED STATES, | ) ) |
| Defendant, and | ) ) |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD | ) ) ) |
| Defendant-Intervenor. | ) ) |

<u>**ORDER**</u>

Upon consideration of the Rule 56.2 Tranche II Motion for Judgment on the Agency Record of Consolidated Plaintiffs Concannon Lumber Company, Northwest Hardwoods, Inc., Richmond International Forest Products LLC, Taraca Pacific Inc., UFP International, LLC, Medallion Forest Product, Hardwoods Specialty Products USLP, Paxton Hardwoods LLC and Rugby Holdings LLC dba Rugby Architectural Building Products, and all other pleadings, papers and proceedings herein, it is hereby

**ORDERED**, that the Rule 56.2 Tranche II Motion is GRANTED, and it is further

**ORDERED**, that the final scope ruling and affirmative final determination of circumvention issued by the U.S. Department of Commerce on July 14, 2023 concerning the

antidumping and countervailing duty orders on certain hardwood plywood products from the People's Republic of China covering certain hardwood plywood products and veneered panels assembled in the Socialist Republic of Vietnam is remanded to Commerce with instructions to revise its analysis and final determination in accordance with the Court's Opinion; and it is further

**ORDERED**, that Commerce shall provide the Court and parties with revised finding within 60 days of this order.  Parties shall have 30 days to submit briefs on the revised results to the Court.  Responses to those briefs shall be filed within 15 days.


Dated: _____                              _____
       New York, New York                                    Mark A. Barnett
                                                             Chief Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| SHELTER FOREST INTERNATIONAL ACQUISITION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| GREATRIVER WOOD CO., LTD., ET AL., | ) ) |
| Consolidated Plaintiffs, | ) ) |
| v. | ) )    Consol. Court No. 23-00144 |
| UNITED STATES, | ) ) |
| Defendant, and | ) ) |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD | ) ) ) |
| Defendant-Intervenor. | ) ) |

**RULE 56.2 TRANCHE II MOTION FOR JUDGMENT ON THE AGENCY RECORD OF CONSOLIDATED PLAINTIFFS CONCANNON LUMBER COMPANY, NORTHWEST HARDWOODS, INC., RICHMOND INTERNATIONAL FOREST PRODUCTS LLC, TARACA PACIFIC INC., UFP INTERNATIONAL, LLC, MEDALLION FOREST PRODUCT, HARDWOODS SPECIALTY PRODUCTS USLP, PAXTON HARDWOODS LLC AND RUGBY HOLDINGS LLC DBA RUGBY ARCHITECTURAL BUILDING PRODUCTS**

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Consolidated Plaintiffs Concannon Lumber Company, Northwest Hardwoods, Inc., Richmond International Forest Products LLC, Taraca Pacific Inc., UFP International, LLC, Medallion Forest Product, Hardwoods Specialty Products USLP, Paxton Hardwoods LLC and Rugby Holdings LLC dba Rugby Architectural Building Products (collectively, the "M&G Plaintiffs") hereby move for judgment on the agency record. M&G Plaintiffs challenge certain aspects of the final scope ruling

and affirmative final determination of circumvention issued by the U.S. Department of Commerce ("Commerce") on July 14, 2023 covering certain hardwood plywood products and veneered panels (hardwood plywood) assembled in the Socialist Republic of Vietnam ("Vietnam"). See Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders, 88 Fed. Reg. 46,740 (July 20, 2023) ("Final Determination") (P.R. 842).

Specifically, as discussed in the Memorandum of Points and Authorities in support of this motion, the M&G Plaintiffs seek judgment on the agency record because Commerce's application of adverse facts available ("AFA") against Bao Yen MDF Joint Stock Company, Groll Ply and Cabinetry Co., Ltd., Hai Hien Bamboo Wood Joint Stock Company, Her Hui Wood (Vietnam) Co., Ltd., Innovgreen Thanh Hoa Co., Ltd., Lechenwood Viet Nam Company Limited, Long Luu Plywood Production Co., Ltd., Plywood Sunshine Company Limited, TEKCOM Corporation, Thang Long Wood Panel Company Ltd.,  TL Trung Viet Company Limited, Vietnam Zhongjia Wood Company Limited and Win Faith Trading Limited, and Commerce's determination to prohibit such companies from participating in the certification regime, was not supported by substantial evidence and was otherwise not in accordance with law because Commerce failed to comply with its obligations under 19 U.S.C. § 1677e(a)-(b) prior to applying AFA.  The M&G Plaintiffs, therefore, respectfully request that this Court:

> (1) find that Commerce's actions as described above were not supported by substantial evidence or otherwise not in accordance with law;
>
> (2) remand to Commerce with instructions to reconsider its determination in accordance with this Court's decision;
>
> (3) order Commerce to publish amended final results in the Federal Register in accordance with a final decision by this Court in this matter;

(4) order Commerce to issue cash deposit instructions to U.S. Customs and Border Protection consistent with this Court's decision; and

(5) provide such other relief as this honorable Court deems proper

Respectfully submitted,

Dated:  May 1, 2024

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
202-688-3610 (ph)
202-595-8968 (fax)
trade@mowrygrimson.com
*Counsel to Concannon Lumber Company,
Northwest Hardwoods, Inc., Richmond
International Forest Products LLC, Taraca
Pacific Inc., UFP International, LLC,
Medallion Forest Product, Hardwoods
Specialty Products USLP, Paxton
Hardwoods LLC and Rugby Holdings LLC
dba Rugby Architectural Building Products*

## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| SHELTER FOREST INTERNATIONAL ACQUISITION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| GREATRIVER WOOD CO., LTD., ET AL., | ) ) |
| Consolidated Plaintiffs, | ) ) |
| v. | ) ) ) |
| UNITED STATES, | ) ) |
| Defendant, and | ) ) |
| COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD | ) ) ) |
| Defendant-Intervenor. | ) ) ) |

**Consol. Court No. 23-00144**
**Nonconfidential Version**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 56.2 TRANCHE II MOTION FOR JUDGMENT ON THE AGENCY RECORD OF CONSOLIDATED PLAINTIFFS CONCANNON LUMBER COMPANY, NORTHWEST HARDWOODS, INC., RICHMOND INTERNATIONAL FOREST PRODUCTS LLC, TARACA PACIFIC INC., UFP INTERNATIONAL, LLC, MEDALLION FOREST PRODUCT, HARDWOODS SPECIALTY PRODUCTS USLP, PAXTON HARDWOODS LLC AND RUGBY HOLDINGS LLC DBA RUGBY ARCHITECTURAL BUILDING PRODUCTS**

Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
MOWRY & GRIMSON, PLLC
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202.688.3610 (ph)
202.595.8968 (fax)
trade@mowrygrimson.com

May 1, 2024

### TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities............................................................................................................ ii

Administrative Determination Under Review ................................................................... 1

Issue Presented .................................................................................................................... 1

Statement of Facts .............................................................................................................. 2

Summary of the Argument .................................................................................................. 2

Argument ............................................................................................................................ 5

    A.   Commerce's Application of AFA Against Win Faith Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law ................................................................11

    B.   Commerce's Application of AFA Against Plywood Sunshine Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law ................................. 17

    C.   Commerce's Application of AFA Against Bao Yen and Thang Long Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law ........................... 22

    D.   Commerce's Application of AFA Against TL Trung Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law ................................................... 25

Conclusion ....................................................................................................................... 25

TABLE OF AUTHORITIES

**Cases**

Arista Networks, Inc. v. Cisco Sys., Inc.,
   908 F.3d 792 (Fed. Cir. 2018) ...................................................................................... 7

Changzhou Trina Solar Energy Co. v. United States,
   975 F.3d 1318 (Fed. Cir. 2020) ............................................................................... 5, 14

Consol. Bearings Co. v. United States,
   412 F.3d 1266 (Fed. Cir. 2005) ..................................................................................... 5

Consol. Edison Co. v. NLRB,
   305 U.S. 197 (1938) ....................................................................................................... 5

Gerber Food (Yunnan) Co. v. United States,
   387 F. Supp. 2d 1270 (Ct. Int'l Trade 2005) ............................................................... 9

Hetian Metal Co. v. United States,
   652 F.3d 1333, 1348 (Fed. Cir. 2011) .......................................................................... 9

Hitachi Energy USA Inc. v. United States,
   34 F.4th 1375 (Fed. Cir. 2022) ..................................................................................... 8

Huayin Foreign Trade Corp. v. United States,
   322 F.3d 1369 (Fed. Cir. 2003) ..................................................................................... 5

Hyundai Elec. & Energy Sys. v. United States,
   No. 2021-2312, 2022 U.S. App. LEXIS 22235 (Fed. Cir. Aug. 11, 2022) ........................ 7, 9

King v. Burwell,
   576 U.S. 473 (2015) ....................................................................................................... 7

Nippon Steel Corp. v. United States,
   337 F.3d 1373 (Fed. Cir. 2003) ....................................................................... 8, 21, 22, 23

NMB Sing. Ltd. v. United States,
   557 F.3d 1316 (Fed. Cir. 2009) ..................................................................................... 5

Papierfabrik August Koehler SE v. United States,
   843 F.3d 1373 (Fed. Cir. 2016) ................................................................... 6

Shelter Forest Int'l Acquisition, Inc. v. United States,
   2022 U.S. App. LEXIS 16491 (Fed. Cir. 2022) ......................................... 8

SKF USA Inc v. United States,
   391 F. Supp. 2d 1327 (Ct. Int'l Trade 2005) ............................................... 8

SolarWorld Ams., Inc. v. United States,
   910 F.3d 1216 (Fed. Cir. 2018) ................................................................... 5

Zhejiang Dunan Hetian Metal Co. v. United States,
   652 F.3d 1333 (Fed. Cir. 2011)........................................................... 7, 9, 13

**Statutes**

19 U.S.C. § 1516a ..................................................................................................... 5
19 U.S.C. § 1677e ............................................................................................. passim
19 U.S.C. § 1677m............................................................................................ 3, 8, 17

**Other Authorities**

Certain Hardwood Plywood Products From the People's Republic of China: Final Scope
   Determination and Affirmative Final Determination of Circumvention of the Antidumping and
   Countervailing Duty Orders, 88 Fed. Reg. 46,740 (July 20, 2023)........................................ 1, 9

Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Scope
   Determination and Affirmative Preliminary Determination of Circumvention of the
   Antidumping and Countervailing Duty Orders, 87 Fed. Reg. 45,753 (July 29, 2022)............. 10

**ADMINISTRATIVE DETERMINATION UNDER REVIEW**

Consolidated Plaintiffs Concannon Lumber Company, Northwest Hardwoods, Inc., Richmond International Forest Products LLC, Taraca Pacific Inc., UFP International, LLC, Medallion Forest Product, Hardwoods Specialty Products USLP, Paxton Hardwoods LLC and Rugby Holdings LLC dba Rugby Architectural Building Products (collectively, the "M&G Plaintiffs") challenge certain aspects of the final scope ruling and affirmative final determination of circumvention issued by the U.S. Department of Commerce ("Commerce") on July 14, 2023 concerning certain hardwood plywood products and veneered panels (hardwood plywood) assembled in the Socialist Republic of Vietnam.  See Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders, 88 Fed. Reg. 46,740 (July 20, 2023) ("Final Determination") (P.R. 844),[1] and accompanying Issues and Dec. Mem. (July 14, 2023) ("Final I&D Mem.") (P.R. 842).

**ISSUE PRESENTED**

1. Whether Commerce's application of adverse facts available ("AFA") against Bao Yen MDF Joint Stock Company ("Bao Yen"), Groll Ply and Cabinetry Co., Ltd. ("Groll Ply"), Hai Hien Bamboo Wood Joint Stock Company ("Hai Hien"), Her Hui Wood (Vietnam) Co., Ltd. ("Her Hui"), Innovgreen Thanh Hoa Co., Ltd. ("Innovgreen"), Lechenwood Viet Nam Company Limited ("Lechenwood"), Long Luu Plywood Production Co., Ltd. ("Long Luu"), Plywood Sunshine Company Limited ("Plywood Sunshine"), TEKCOM Corporation ("Tekcom"), Thang Long Wood Panel Company Ltd. ("Thang Long"),  TL Trung Viet Company Limited ("TL Trung"), Vietnam Zhongjia Wood Company ("Vietnam Zhongjia") Limited and Win Faith Trading Limited ("Win Faith") and Commerce's determination that these companies are ineligible to participate in the certification process was supported by substantial evidence and was otherwise in accordance with law.

---

[1] The record citations are to the antidumping duty record throughout this brief as each document was also filed concurrently on the countervailing record.

Commerce's application of AFA against Bao Yen, Groll Ply, Hai Hien, Her Hui, Innovgreen, Lechenwood, Long Luu, Plywood Sunshine, Tekcom, Thang Long, TL Trung and Win Faith and determination to prohibit these companies from participating in the certification regime was not supported by substantial evidence and was otherwise not in accordance with law because Commerce failed to comply with its obligations under 19 U.S.C. § 1677e(a)-(b) prior to applying AFA.

## STATEMENT OF FACTS

Consistent with the Court's scheduling order, the M&G Plaintiffs adopt the facts section contained in the briefs of the Consolidated Plaintiffs to avoid repetition. See Consolidated Pls.' American Woodmark Corporation, et al. (collectively, "DH Consolidated Plaintiffs") Rule 56.2 Memorandum in Support of Motion for Judgment Upon the Agency Record at 3-6 (April 10, 2024) (Nonconfidential Version), ECF No. 49 ("DH Consolidated Plaintiffs' Tranche II 56.2 Brief"); Consolidated Pls.' Cabinetworks Group, Inc. f/k/a/ ACProducts, Inc. et al. (collectively, "ST&R Consolidated Plaintiffs") Mem. of P&A in Support of Rule 56.2 Mot. for J. on the Agency Record at 3-7 (Apr. 1, 2024), ECF. 39 ("ST&R Consolidated Plaintiffs' Tranche II 56.2 Brief"); Scheduling Order (Nov. 29, 2023), ECF No. 30 (stating that consolidated Plaintiffs should "limit factual and procedural background statements to any additional information relevant to the parties represented in those briefs"). The M&G Plaintiffs address any additional facts in the argument section below.

## SUMMARY OF THE ARGUMENT

Pursuant to the Court's Scheduling Order, the M&G Plaintiffs adopt the arguments contained in the briefs of the Consolidated Plaintiffs showing that Commerce's application of AFA against Groll Ply, Hai Hien, Her Hui, Innovgreen, Lechenwood, Long Luu, Tekcom and Vietnam Zhongjia was not supported by substantial evidence and was otherwise not in accordance with law.

See DH Consolidated Plaintiffs' Tranche II 56.2 Brief; ST&R Consolidated Plaintiffs' Tranche II 56.2 Brief. The M&G Plaintiffs expand on these arguments below concerning Commerce's application of AFA against Win Faith, Plywood Sunshine, Bao Yen, Thang Long and TL Trung.

First, Commerce's determination to apply AFA against Win Faith was not supported by substantial evidence and was otherwise not in accordance with law because there was no gap in the record warranting Commerce's application of facts otherwise available against Win Faith. Specifically, the alleged discrepancies that Commerce identified in Win Faith's responses concerning its affiliation with a Chinese trading company were irrelevant to Commerce's determination as to whether Win Faith could trace the country of origin of the plywood inputs used in the production of hardwood plywood sold by Win Faith. Further, Commerce's application of AFA against Win Faith was not supported by substantial evidence because Commerce failed to consider evidence demonstrating that Win Faith's Chinese supplier was not a plywood manufacturer and any affiliation was irrelevant. It was unreasonable, therefore, for Commerce to conclude that Win Faith submitted contradictory information to Commerce such that Commerce could not rely on Win Faith's responses. To the extent that Commerce had further questions regarding Win Faith's responses, it was statutorily obligated to seek further information from Win Faith under 19 U.S.C. § 1677m(d).

Second, Commerce's application of AFA against Plywood Sunshine was not supported by substantial evidence and was otherwise not in accordance with law because Commerce failed to meet its statutory obligations under 19 U.S.C. § 1677m(g) to provide Plywood Sunshine with notice and then an opportunity to either clarify or remedy the alleged discrepancies that Commerce identified in Plywood Sunshine's responses prior to Commerce's Final Determination. Namely, Commerce jumped to a finding that Plywood Sunshine either submitted contradictory information

3

or was not fully responsive to Commerce's requests for information in its second supplemental questionnaire without seeking clarification from Plywood Sunshine on its responses.

Third, Commerce's application of AFA against Bao Yen and Thang Long was not supported by substantial evidence and was otherwise not in accordance with law because both companies cooperated with Commerce's investigations to the best of their abilities as set forth in the standard under 19 U.S.C. § 1677e(b).  Although both companies did not submit timely responses to Commerce's supplemental questionnaires, they nonetheless both provided reasonable explanations for not responding by the deadline set by Commerce.  Specifically, both Bao Yen and Thang Long elaborated that they did not believe that they were required to respond to Commerce's supplemental questionnaires because they did not export hardwood plywood that fell within the scope of Commerce's investigation (i.e., hardwood plywood containing Chinese core veneers). Bao Yen's and Thang Long's efforts to fully comply with Commerce's investigation were demonstrated by the fact that both companies attempted to submit information detailing their production of hardwood plywood following Commerce's Preliminary Determination.  But for Commerce's unlawful rejection of these responses, as discussed in the M&G Plaintiffs' Tranche I 56.2 Brief, there would have been no gap in the record concerning Bao Yen's and Thang Long's ability to fully trace the country-of-origin of the plywood inputs used in their production of hardwood plywood.

Fourth, Commerce's application of AFA against TL Trung was not supported by substantial evidence and was otherwise not in accordance with law because Commerce lacked a lawful basis to apply a flawed circumvention determination against TL Trung.

ARGUMENT

I. STANDARD OF REVIEW

"The court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence requires "more than a mere scintilla," e.g., Changzhou Trina Solar Energy Co. v. United States, 975 F.3d 1318, 1326 (Fed. Cir. 2020), and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Huayin Foreign Trade Corp. v. United States, 322 F.3d 1369, 1374 (Fed. Cir. 2003) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Moreover, substantial evidence supporting an agency determination must be based on the whole record, and the Court shall take into account not only the information that supports the agency's decision but also whatever in the record that "fairly detracts from the substantiality of the evidence." Changzhou Trina, 975 F.3d at 1326 (quoting SolarWorld Ams., Inc. v. United States, 910 F.3d 1216, 1222 (Fed. Cir. 2018)). Although Commerce does not have to provide perfect explanations, "the path of Commerce's decision must be reasonably discernable." NMB Sing. Ltd. v. United States, 557 F.3d 1316, 1319 (Fed. Cir. 2009).

Commerce's decision to either accept or reject information is an abuse of discretion if "the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors." Consol. Bearings Co. v. United States, 412 F.3d 1266, 1269 (Fed. Cir. 2005) (citation omitted). Commerce can also abuse its discretion by "refusing to accept updated data when there {i}s plenty of time for Commerce to verify or consider it." Papierfabrik August Koehler SE v.

5

United States, 843 F.3d 1373, 1384 (Fed. Cir. 2016). Commerce's application of AFA against certain Vietnamese companies was not supported by substantial evidence and was otherwise not in accordance with law as detailed below.

## II. COMMERCE'S AUTHORITY TO APPLY AFA IS NOT UNLIMITED UNDER 19 U.S.C § 1677e(a)-(b)

Commerce's application of AFA against Bao Yen, Groll Ply Hai Hien, Her Hui, Innovgreen, Lechenwood, Long Luu, Plywood Sunshine, Tekcom, Thang Long, TL Trung and Win Faith, and its determination to prohibit them from participating in the certification regime, was not supported by substantial evidence and was otherwise not in accordance with law because Commerce failed to comply with its obligations under 19 U.S.C. § 1677e(a)-(b) prior to applying AFA. Before Commerce can lawfully apply AFA against a respondent, Commerce must make two separate determinations: 1) that a gap exists in the record such that Commerce must apply facts otherwise available, and 2) that a party failed to cooperate to the best of its ability such that Commerce should apply an adverse inference when interpretating the facts otherwise available that it uses to fill that gap.

As to the first requirement, before applying facts otherwise available, let alone AFA, Commerce must find that:

(1) necessary information is not available on the record, or
(2) an interested party or any other person—

    (A) withholds information that has been requested by the administering authority or the Commission under this subtitle,

    (B) fails to provide such information by the deadlines for submission of the information or in the form and manner requested subject to subsections (c)(1) and (e) of section 1677m of this title,

    (C) significantly impedes a proceeding under this subtitle, or

(D) provides such information but the information cannot be  verified as provided in section 1677m(i) of this title

Id. § 1677e(a).  Importantly, under this first step, Commerce "shall . . . use the facts otherwise available in reaching the applicable determination under this subtitle." Id. (emphasis added).  The plain language of the statute mandates that Commerce may only use facts otherwise available to reach the "applicable determination" under the statute and may not skip this step.  See Arista Networks, Inc. v. Cisco Sys., Inc., 908 F.3d 792, 803 (Fed. Cir. 2018) ("Where 'the statutory language is plain, we must enforce it according to its terms.'"  (quoting King v. Burwell, 576 U.S. 473, 486 (2015)).  The Federal Circuit has confirmed that 19 U.S.C. § 1677e(a) only provides Commerce with the authority to use "facts otherwise available to fill a gap in the record." Zhejiang Dunan Hetian Metal Co. v. United States, 652 F.3d 1333, 1348 (Fed. Cir. 2011); see also Hyundai Elec. & Energy Sys. v. United States, No. 2021-2312, 2022 U.S. App. LEXIS 22235, *10 (Fed. Cir. Aug. 11, 2022) (holding that the Court correctly determined that Commerce's application of AFA was not supported by substantial evidence where the "respondent's reporting created only a small gap in the record" and other information available on the record could answer Commerce's applicable determination).  Commerce, therefore, is permitted to apply AFA only when there is a gap in the record pertaining to the "applicable determination" that Commerce must make in the relevant proceeding.

The statute then provides that Commerce's authority to rely on facts otherwise available under 19 U.S.C. § 1677e(a) is also subject to 19 U.S.C. § 1677m(d).  19 U.S.C.  § 1677m(d) requires that, if Commerce determines that "a request for information . . . does not comply with the request," Commerce must inform a respondent of "the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency in light of the time limits established for the completion of investigations or reviews under this

subtitle." 19 U.S.C. § 1677m(d).  The courts have repeatedly remanded Commerce's use of AFA where Commerce has failed to comport with its obligations under 19 U.S.C. § 1677m(d).  See, e.g., Hitachi Energy USA Inc. v. United States, 34 F.4th 1375, 1384 (Fed. Cir. 2022) (holding that Commerce's determination was unsupported by substantial evidence where Commerce refused to allow a respondent to correct certain deficiencies in its responses); Shelter Forest Int'l Acquisition, Inc. v. United States, 2022 U.S. App. LEXIS 16491, *13 (Fed. Cir. 2022) (holding that Commerce abused its discretion by failing to notify a respondent of a deficiency in its response); SKF USA Inc v. United States, 29 CIT 969, 980, 391 F. Supp. 2d 1327, 1336 (2005) (holding that Commerce's decision to rely on partial AFA was not supported by substantial evidence and was otherwise not in accordance with law where Commerce failed to meet its obligations under 19 U.S.C. § 1677m(d), explaining that "Commerce had its own obligation to ensure that SKF was fully aware of what information the Department sought and the form in which it sought the data").  Commerce's use of facts otherwise available, therefore, is not supported by substantial evidence and otherwise not in accordance with law when Commerce fails to provide a respondent with notice and an opportunity to remedy or explain any alleged discrepancies in its responses.

As to the second requirement under section 1677(e), if Commerce "finds that an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information," Commerce may use an adverse inference against that non-cooperative party when selecting from the facts otherwise available.  19 U.S.C. § 1677e(b).  "The focus of {19 U.S.C. § 1677e(b)} is respondent's failure to cooperate to the best of its ability, not its failure to provide requested information."  Nippon Steel Corp. v. United States, 337 F.3d 1373, 1381 (Fed. Cir. 2003) (emphasis added).  Compliance with the "best of its ability" standard "does not require perfection and recognizes that mistakes sometimes occur."  Id. at 1382.  Further, Commerce's authority to

rely on AFA is far from unlimited. Even when relying on AFA, given that "Commerce is empowered to use adverse inferences only in 'selecting from among the facts otherwise available,' it may not do so in disregard of information of record that is not missing or otherwise deficient." Zhejiang Dunan, 652 F.3d at 1348 (quoting Gerber Food (Yunnan) Co. v. United States, 29 CIT 753, 772, 387 F. Supp. 2d 1270, 1288 (2005)); see also Hyundai Elec., No. 2021-2312, 2022 U.S. App. LEXIS 22235, at *10-11 (affirming the CIT's finding that a respondent "complied with Commerce's requests to the best of its ability, and that any mistakes were inadvertent and were corrected without undue difficulty"). In short, Commerce cannot lawfully impose total AFA against a respondent based solely on its failure to provide the requested information where the respondent otherwise cooperated to the best of its ability and there was other information that could have been used to fill the alleged gap in the record. As discussed further below, here, Commerce's application of AFA against certain Vietnamese exporters was not supported by substantial evidence and was otherwise not in accordance with law because Commerce did not comply with the statutory obligations that Commerce must meet before it is lawfully permitted to apply AFA against a respondent.

III.    **Commerce's Application of AFA Against Certain Vietnamese Exporters Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law**

Commerce's reliance on AFA to determine that certain Vietnamese exporters shipped allegedly circumventing merchandise, and Commerce's subsequent determination that these companies are ineligible to participate in Commerce's certification regime, was not supported by substantial evidence and was otherwise not in accordance with law. See Final Determination, 88 Fed. Reg. at 46,741 (P.R. 844). Commerce's Preliminary Determination served as the first notice to many Vietnamese companies, including Bao Yen, Groll Ply, Hai Hien, Her Hui, Innovgreen, Lechenwood, Long Luu, Plywood Sunshine, Tekcom, Thang Long and Win Faith, that Commerce

found their responses to its questionnaires to be deficient or to otherwise contain contradictory information.  See Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Scope Determination and Affirmative Preliminary Determination of Circumvention of the Antidumping and Countervailing Duty Orders, 87 Fed. Reg. 45,753 (July 29, 2022), and accompanying Prelim. Dec. Mem. at 12 ("Prelim. I&D Mem.") (P.R. 409); see also Mem. from Kabir Archuletta to the File re: Application of Adverse Facts Available for the Preliminary Determination at 3-23 (July 22, 2022) (Public Version) ("AFA Mem.") (P.R. 410) (explaining Commerce's basis for applying AFA against certain companies based on their allegedly deficient responses to Commerce's questionnaires).  Commerce continued to apply AFA against Bao Yen, Groll Ply, Hai Hien, Her Hui, Innovgreen, Lechenwood, Long Luu, Plywood Sunshine, Tekcom, Thang Long and Win Faith in its Final Determination, precluding these companies from certifying that their entries are not subject to antidumping and countervailing duties.  See Final I&D Mem. at 119-145 (P.R. 842).  Further, Commerce applied AFA against TL Trung, and prohibited it from participating in the certification regime, after TL Trung "withdrew its participation in the on-site verification."  Letter on Behalf of TL Trung to Dep't of Commerce re: TL Trung Verification Letter (Oct. 25, 2022) (Public Document) (P.R. 627); see also Final I&D Mem. at 166-69 (P.R. 842).  The M&G Plaintiffs hereby adopt the arguments contained in the DH Consolidated Plaintiffs' Tranche II 56.2 Brief and ST&R Consolidated Plaintiffs' Tranche II 56.2 Brief showing that Commerce's application of AFA was not supported by substantial evidence and was otherwise not in accordance with law with respect to Groll Ply, Hai Hien, Her Hui, Innovgreen, Lechenwood, Long Luu, Tekcom and Vietnam Zhongjia.  See DH Consolidated Plaintiffs' Tranche II 56.2 Brief at 11-86; ST&R Consolidated Plaintiffs' Tranche II 56.2 Brief at 8-35.  Below we elaborate on why Commerce's application of AFA against Win Faith, Plywood Sunshine, Bao Yen, Thang Long and

**NONCONFIDENTIAL DOCUMENT**
**CONFIDENTIAL INFORMATION REMOVED**

TL Trung was also not supported by substantial evidence and was otherwise not in accordance with law.

> ### A. Commerce's Application of AFA Against Win Faith Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law

Win Faith fully participated in Commerce's investigation by filing a Q&V questionnaire response and submitting responses to Commerce's supplemental questionnaires.  See Letter on Behalf of Win Faith to Dep't of Commerce re: Submission of Quantity and Value Response (Oct. 1, 2020) (Public Version) ("Win Faith Q&V") (P.R. 116); Letter on Behalf of Win Faith to Dep't of Commerce re: Submission of Supplemental Quantity and Value Response (Mar. 8, 2021) (Public Version) ("Win Faith First Supplemental Q&V QR") (P.R. 196); Letter on Behalf of Win Faith to Dep't of Commerce re: Quantity & Value Supplemental Questionnaire Response (July 6, 2021) (Public Version) ("Win Faith Company Q&V QR") (P.R. 288); Letter on Behalf of Win Faith to Dep't of Commerce re: Submission of Second Supplemental Quantity and Value Response (July 9, 2021) (Public Version) ("Win Faith Second Supplemental Q&V QR") (P.R. 322).  For the first time in its Preliminary Determination, without any prior notice, Commerce determined that Win Faith submitted "deficient, inconsistent, or contradictory information" such that Commerce found that it could not rely on Win Faith's responses and instead applied AFA against Win Faith.  See AFA Mem. at 2 (P.R. 410); see also Final I&D Mem. 102-03 (P.R. 842) (continuing to apply AFA against Win Faith for the same reasons outlined in Commerce's Preliminary Determination). Specifically, Commerce found that Win Faith reported conflicting information concerning its affiliation with Chinese exporter [ ███████████████████████████████ ] and that Win Faith failed to fully disclose [ ██████ ] involvement in Win Faith's sales of hardwood plywood.  See AFA Mem. at 23 (Proprietary Document) (C.R. 412).  Commerce acknowledged that Win Faith reported its affiliation with [ █████ ].  See id.  Commerce found, however, that

Win Faith's statement that "it was not affiliated with any Chinese producers of plywood or plywood inputs," conflicted with publicly available information placed on the record by the Coalition for Free Trade in Hardwood Plywood ("Petitioner") indicating that [ ███████ ] manufactured and exported "wood panel products" and was related to other plywood factories. See id. (citing Letter on Behalf of Petitioner to Dep't of Commerce re: Comments on Supplemental Quantity and Value Questionnaire Responses at Ex. 1 (Mar. 18, 2021) (Public Version) (P.R. 201)). Further, Commerce found that Win Faith's U.S. sales involved [ ██████ ] because Win Faith's sales contract pertaining to its first shipment of plywood to the United States listed the seller, [ █████████ ], as having an email address ending in [ █████████████ ] and a physical location in the [ █████████████ ]. AFA Mem. at 23 (Proprietary Document) (C.R. 412); see also Win Faith First Supplemental Q&V QR at Ex. SQ-1 (Business Proprietary Document) (C.R. 173). In its Final Determination, Commerce continued to apply AFA to Win Faith, finding that Win Faith's submissions were "unreliable" because it failed to "accurately report" that it "is affiliated with a Chinese producer/exporter of plywood and plywood inputs" and that "Chinese affiliate was involved in {Win Faith}'s sales to the United States." Final I&D Mem. at 103 (P.R. 842). Commerce's application of AFA against Win Faith was not supported by substantial evidence and was otherwise not in accordance with law for two reasons.

First, there was no gap in the record that warranted Commerce's reliance on facts otherwise available let alone AFA. The case law confirms that Commerce cannot automatically apply facts otherwise available if a respondent "withholds information . . . fails to provide such information by the deadlines for submission of the information or in the form and manner requested . . . . {or} significantly impedes {Commerce's investigation." 19 U.S.C. § 1677e(a)(2)(A)-(C). The Federal Circuit has repeatedly rejected Commerce's attempts to apply AFA where Commerce did not need

the information allegedly withheld by a respondent to make its determination.  See, e.g., Zhejiang Dunan, 652 F.3d at 1348 (holding that Commerce improperly relied on AFA because there was no gap in the record where other information existed to calculate a transaction specific dumping margin); Hyundai, 2022 U.S. App. LEXIS 2235, *10 (holding that Commerce improperly relied on AFA when the record demonstrated that an error committed by a respondent "created only a small gap in the record" and most of the respondent's pricing data was "reliable").  Like in Zhejiang Dunan and Hyundai, where the Federal Circuit determined that other information could fill in any alleged gap on the record, here, there was no gap in the record pertaining to Win Faith.  In the proceeding underlying this appeal, Commerce's "applicable determination" was whether Vietnamese producers assembled hardwood plywood using Chinse core veneers.  See Prelim. I&D Mem. at 20 (P.R. 409) (indicating that Commerce relied on AFA to determine that the 22 blacklist companies produced inquiry merchandise using "Chinese-origin face/back and/or core veneers" and that these companies' "process of assembly and completion was minor or insignificant").  The "applicable determination" here was whether Win Faith could trace the country of origin of its hardwood plywood inputs.  Even if there was a gap in the record relating to Win Faith's affiliation with [ █████ ], which the M&G Plaintiffs dispute as discussed below, this information is not directly relevant to Commerce's "applicable determination," i.e., whether Win Faith sold hardwood plywood assembled in Vietnam using Chinese core veneers.  Commerce did not find that Win Faith was unable to determine whether the hardwood plywood that it sold contained Chinse core veneers.  See AFA Mem. at 23 (Public Version) (P.R. 410); Final I&D Mem. at 102-103 (P.R. 842).  Commerce's application of AFA against Win Faith, therefore, was not supported by substantial evidence and was otherwise not otherwise in accordance with law because there was no gap in the record concerning whether Win Faith sold hardwood plywood assembled in Vietnam

13

using Chinse core veneers.  To the contrary, the record showed Win Faith was fully able to trace the country of origin of the plywood inputs used in its exports of hardwood plywood to the United States.

Second, Commerce's application of AFA against Win Faith was not supported by substantial evidence because Commerce failed to consider record information that "fairly detracts from the substantiality of the evidence" that Commerce relied on to find that Win Faith failed to cooperate to the best of its ability.  <u>Changzhou Trina</u>, 975 F.3d at 1326 (holding that Commerce's determination is not supported by substantial evidence and not otherwise in accordance with law when Commerce fails to consider record information that "fairly detracts from the substantiality of the evidence").  Concerning its affiliation with [          ], Win Faith twice clarified that it is not affiliated with Chinese plywood <u>manufacturers</u> because [          ] is a plywood exporter, not a plywood manufacturer.   <u>See</u> Letter on Behalf of Win Faith to Dep't of Commerce re: Rebuttal to Petitioner's Comments on Quantity & Value Supplemental Questionnaires at 1-2 (Mar. 25, 2021) (Business Proprietary Document) (C.R. 215) ("Win Faith Rebuttal"); <u>see also</u> Win Faith Company Q&V QR at 1-2 (Business Proprietary Document) (C.R. 250).  Win Faith also explained that [          ] stated on its website that it was a plywood manufacturer and that it is affiliated with plywood manufacturers for "advertisement purpos{es}" and these relationships are, in reality, only business relationships.  Win Faith Rebuttal at 2 (Business Proprietary Document) (C.R. 214); <u>see also</u> Letter on Behalf of Win Faith to Dep't of Commerce re: Win Faith Refiling of Ministerial Error Comments at 5 (Sept. 29, 2022) (Public Version) ("Win Faith Ministerial Error Cmts") (P.R. 578); Win Faith Company Q&V QR at 2 (Business Proprietary Document) (C.R. 250).

Commerce dismissed these statements finding that Win Faith did not cite to "any information that contradicts or undermines Commerce's preliminary findings."  Final I&D Mem.

**NONCONFIDENTIAL DOCUMENT**
**CONFIDENTIAL INFORMATION REMOVED**

at 102 (P.R. 842).  Commerce's reading of the record was unreasonable.  In support of its assertions,

Win Faith showed that [ ███ ] participated in the underlying AD investigation on hardwood

plywood from China and, during that investigation, Commerce found that [ ███ ] "is only a

trading company and disclosed all of its plywood suppliers."  Win Faith Rebuttal at 2 (Business

Proprietary Document) (C.R. 215); *see also* Win Faith Company Q&V QR at 2 (Business

Proprietary Document) (C.R. 250).  In other words, contrary to Commerce's finding, Win Faith

directly cited to Commerce's own past determination that [ ███ ] is only a trading company

and, thus, cannot be a plywood manufacturer.  Commerce failed to provide reasonably discernable

explanation for its determination that Win Faith failed to fully disclose its affiliation with a Chinese

manufacturer of hardwood plywood given that Commerce itself found that [ ███ ] is only a

hardwood plywood trader.  Cf. NMB, 557 F.3d at 1319 (holding that Commerce's determinations

are not supported by substantial evidence when Commerce fails to provide a "reasonably

discernable" explanation).

In response to Commerce's finding that [ ███ ] was involved in Win Faith's sales to

the United States, Win Faith explained that it was reasonable for the "contact person's email

address and office address" in Win Faith's sales contract to "show its Chinese affiliate's name"

because "Win Faith is a Hong Kong trading company."  Win Faith Ministerial Error Cmts at 5

(Public Version) (P.R. 543); *see also* Win Faith Q&V QR at 2, Ex. 1 (P.R. 116) (informing

Commerce that Win Faith is a trading company registered in Hong Kong).  Win Faith further

explained that the sales contract "clearly identified the seller being Win Faith and the contract is

marked with Win Faith Trading's seal."  Win Faith Ministerial Error Cmts at 5 (Public Version)

(P.R. 578) (citing Win Faith Rebuttal at 2 (Public Version) (P.R. 231)); *see also* Win Faith First

Supplemental Q&V QR at Ex. SQ-1 (Business Proprietary Document) (C.R. 174).  Commerce

unreasonably ignored these explanations and instead found that Win Faith failed to address how the reference in its sales contract to [ ███████ ] "is not probative" to Commerce's investigation. Final I&D Mem. at 102 (P.R. 842).  Commerce's conclusion is unreasonable, as Win Faith provided a logical, adequate explanation, i.e., that a trading company would list its supplier in its sales contract.  See Huayin, 322 F.3d at 1374 (explaining that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").  The reference to [ ██████ ] in Win Faith's contract does not contradict Win Faith's explanation that [ ████████ ] is a plywood exporter and not a plywood manufacturer.  To the extent that Commerce had further questions regarding Win Faith's explanations regarding the reference in its sales contract to [ ██████ ], Commerce's statutory mandate required that it solicit further information from Win Faith.  See 19 U.S.C. § 1677m(d).  Not only did Commerce not solicit such information, but as the M&G Plaintiffs discussed in their Tranche I 56.2 Brief, Commerce abused its discretion in rejecting Win Faith's efforts to submit new factual information to explain the alleged discrepancies that Commerce identified in Win Faith's responses for the first time in Commerce's Preliminary Determination.  See Mem. of P&A in Supp. of R. 56.2 Mot. for J. on the Agency Record on Behalf of the M&G Plaintiffs at 5-28 (Mar. 4, 2024) (Nonconfidential Version), ECF 36 ("M&G Plaintiffs' Tranche I 56.2 Br.").  In sum, Commerce's application of AFA against Win Faith was not supported by substantial evidence and was otherwise not in accordance with law because, contrary to Commerce's conclusion, Win Faith cooperated to the best of its ability by providing adequate explanations for the alleged discrepancies that Commerce identified and, to the extent Commerce sought further explanations on these alleged discrepancies, Commerce was statutorily obligated to seek that information from Win Faith but failed to do so.

16

**B. Commerce's Application of AFA Against Plywood Sunshine Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law**

Commerce's application of facts otherwise available against Plywood Sunshine was also not supported by substantial evidence and was otherwise not in accordance with law because Commerce failed to meet its obligations under 19 U.S.C. § 1677m(d) to provide Plywood Sunshine with notice and an opportunity to explain or remedy the deficiencies that Commerce identified in Plywood Sunshine's responses prior to applying AFA. Here, Commerce applied AFA on the basis that Plywood Sunshine's responses contained conflicting information and Plywood Sunshine failed to fully respond to Commerce's requests for information. See AFA Mem. at 20 (P.R. 410).

Again, Commerce is statutorily obligated to provide a respondent with notice and an opportunity to either explain or correct any alleged discrepancies in its responses. See 19 U.S.C. § 1677m(d). The courts have repeatedly stated that Commerce's application of AFA is not supported by substantial evidence where Commerce fails to provide such notice and opportunity. For example, in Hitachi, the Federal Circuit held that Commerce failed to comply with 19 U.S.C. § 1677m(d) when it refused to allow a respondent to supplement the record with necessary information concerning an alleged discrepancy that Commerce had not previously identified. See Hitachi, 34 F.4th at 1384. The Federal Circuit explained that if Commerce "wished to place the burden of error on {a respondent}, it had to make clear and give {the respondent} a chance to correct to error prior to the issuance of a final decision." Id. at 1384 (citing SKF, 29 CIT at 980, 391 F. Supp. 2d at 1336). Further, in concluding that Commerce's use of AFA was not supported by substantial evidence in a case where Commerce rejected a respondents' attempts to correct the record after alleged discrepancies were discovered in its responses at verification, the Federal

17

Circuit reasoned that Commerce "has no authority to apply adverse facts and inferences unless the respondent has failed to provide requested information when notified of the deficiency and has not acted to the best of its ability in responding to such requests." Id. at 1385. Consistent with the Federal Circuit's analysis of the statute in Hitachi, a remand in this appeal should be granted because Commerce failed to comply with its obligations under 19 U.S.C. § 1677m(d) in applying AFA to Plywood Sunshine.

Namely, Commerce failed to make clear the errors identified in Plywood Sunshine's responses and then provide Plywood Sunshine with an opportunity to correct these discrepancies prior to issuing its Final Determination. Plywood Sunshine fully participated in the scope/circumvention investigation by filing an initial Q&V questionnaire response and supplemental responses. See Letter on Behalf of Plywood Sunshine to Dep't of Commerce re: Submission of Quantity and Value Response (Oct. 1, 2020) (Public Version) ("Plywood Sunshine Q&V QR") (P.R. 96); Letter on Behalf of Plywood Sunshine to Dep't of Commerce re: Submission of Supplemental Quantity and Value Response (Mar. 25, 2021) (Public Version) ("Plywood Sunshine First Supplemental Q&V QR") (P.R. 229); Letter on Behalf of Plywood Sunshine to Dep't of Commerce re: Submission of Second Supplemental Quantity and Value Response (July 8, 2021) (Public Version) ("Plywood Sunshine Second Supplemental Q&V QR") (P.R. 306). Commerce nevertheless identified various alleged discrepancies in Plywood Sunshine's responses or otherwise determined that Plywood Sunshine was not fully responsive to its requests. See AFA Mem. at 20 (Public Version) (P.R. 410). Specifically, Commerce found that Plywood Sunshine reported conflicting information between its initial questionnaire response and its second supplemental questionnaire response regarding whether Plywood Sunshine purchased plywood inputs from resellers and the wood species that Plywood Sunshine used for its plywood production.

See id. (citing Plywood Sunshine Q&V QR at 3-4, Ex. 1 (Business Proprietary Document (C.R. 49) and Plywood Sunshine Second Supplemental Q&V QR at Ex. 2 (Business Proprietary Document) (C.R. 274)).   Commerce unreasonably presumed that the responses in Plywood Sunshine's second supplemental questionnaire represented conflicting information rather than clarifications to its initial response.   To the extent that Commerce had any questions regarding the clarifications in Plywood Sunshine's second supplemental questionnaire response, Commerce's statutory mandate obligated it to seek further information from Plywood Sunshine rather than jumping to a finding that Plywood Sunshine submitted "deficient, inconsistent, or contradictory information." AFA Mem. at 3 (P.R. 410); see also 19 U.S.C. § 1677m(d); Hitachi, 34 F.4th at 1385.

No "reasonable mind" could conclude that substantial evidence supported Commerce's finding that Plywood Sunshine was not fully responsive to Commerce's request for information. Huayin, 322 F.3d at 1374; see also AFA Mem. at 20 (P.R. 410).  Commerce claimed that it provided sufficient notice and an opportunity for all respondents to correct any discrepancies in their responses because Commerce asked "pointed and specific" questions in three separate questionnaires and requested the "same information {in its second supplemental questionnaire} as a previous questionnaire."  Final I&D Mem. at 128-29, 131 (P.R. 842) (attempting to distinguish the Federal Circuit's holding in Hitachi from the agency proceeding underlying this appeal on the basis that, unlike in Hitachi, Commerce issued multiple supplemental questionnaires).  Commerce, however, did not "request{} necessary information prior to the Preliminary Determination."  Id. at 129 (P.R. 842).   Like in the agency proceeding underlying Hitachi, Commerce neither clearly identified the alleged discrepancies in Plywood Sunshine's responses nor provided Plywood Sunshine with an opportunity to explain or correct these discrepancies prior to Commerce's Final Determination.

Instead, Commerce merely issued a general second supplemental questionnaire to all Vietnamese companies that had responded to Commerce's initial Q&V questionnaire. See Letter from Dep't of Commerce to All Interested Parties re: Quantity and Value Second Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products (June 15, 2021) (P.R. 257).   This questionnaire only requested generally that certain Vietnamese companies report information concerning their purchases of plywood or plywood inputs from China and other Vietnamese resellers.  See id.  Commerce did not ask for an explanation from Plywood Sunshine as to why its reported purchases of plywood inputs of Chinese origin from Vietnamese resellers in its second supplemental questionnaire response were different from its prior questionnaire responses.  See id.  Nor did Commerce specifically ask for clarification regarding the types of wood species that Plywood Sunshine reported using in its plywood production in its second supplemental questionnaire response that were not initially identified in Plywood Sunshine's initial Q&V questionnaire response.  Commerce should have issued a questionnaire specifically to Plywood Sunshine if it required further clarification regarding the information that Plywood Sunshine reported in its second supplemental questionnaire.  Consistent with the holding and remand order in Hitachi, the Court must remand Commerce's application of AFA against Plywood Sunshine because Commerce failed to provide Plywood Sunshine with notice and an opportunity to either clarify or remedy the alleged discrepancies in its responses.

Commerce's conclusion that Plywood Sunshine "was not fully responsive to Commerce's request for information" was also not supported by substantial evidence.  AFA Mem. at 20 (Public Version) (P.R. 410).  Commerce faulted Plywood Sunshine for stating that it "did not have any Chinese affiliates that exported plywood or plywood inputs from China to Vietnam under subheadings 4408 or 4412" in response to Commerce's request that Plywood Sunshine provide

"an exhaustive list of all tariff schedule subheadings of products {that} affiliates of {the respondents} exported from China to Vietnam under subheadings 4408 and 4412." AFA Mem. at 20 (Public Version) (P.R. 410); see also Plywood Sunshine Second Supplemental Q&V QR at 3 (Public Version) (P.R. 306). Commerce found that Plywood Sunshine was not fully responsive on the grounds that Commerce clarified that its request "applied to any affiliate of the respondents, regardless of where that affiliated company is located." AFA Mem. at 20 (Public Version) (P.R. 410) (citing Mem. from Mark Harrison to the File re: Clarification of Second Q&V Supplemental Questionnaire Response (June 25, 2021) (Public Document) (P.R. 272)). Plywood Sunshine's response that it "did not have any Chinese affiliates that exported plywood or plywood inputs from China to Vietnam under subheadings 4408 or 4412" does not necessarily indicate that it also had non-Chinese affiliates that exported these types of products. Compliance with the "best of its ability" standard "does not require perfection and recognizes that mistakes sometimes occur." Nippon Steel, 337 F.3d at 1382 (Fed. Cir. 2003). Commerce's application of AFA unlawfully held Plywood Sunshine to a standard of perfection when a simple clarifying question from Commerce, consistent with its obligations under 19 U.S.C. § 1677m(d) as discussed above, could have resolved any question by Commerce as to whether Plywood Sunshine fully reported all its Chinese affiliates' exports of hardwood plywood or plywood inputs classified under subheadings 4408 or 4412 from China to Vietnam. Further, issuing a simple clarifying question would have been "practicable" given that Commerce had over two years to seek clarification between Plywood Sunshine submitting its final response to Commerce's questionnaires and Commerce's Final Determination. Compare Plywood Sunshine Second Supplemental Q&V QR at 1 (Public Version) (P.R. 306) (submitted on July 8, 2021), with Final I&D Mem. at 1 (P.R. 842) (dated July 14, 2023);

see also 19 U.S.C. § 1677m(d) (requiring Commerce to provide an opportunity for a respondent to remedy or explain a deficiency "to the extent practicable").

In sum, Commerce's application of AFA against Plywood Sunshine was not supported by substantial evidence and was otherwise not in accordance with law because Commerce failed to meet its statutory obligation under 19 U.S.C. § 1677m(d) to provide Plywood Sunshine with notice and an opportunity to either clarify or correct the alleged discrepancies that Commerce identified in Plywood Sunshine's response.

### C. Commerce's Application of AFA Against Bao Yen and Thang Long Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law

Commerce's application of AFA against Bao Yen and Thang Long was not supported by substantial evidence and was otherwise not in accordance with law because both companies complied with Commerce's investigation to the best of their abilities.  See 19 U.S.C. § 1677e(b). In the Final Determination, Commerce concluded that a gap existed in the record and that Bao Yen and Thang Long did not cooperate to the best of their abilities by failing to respond to Commerce's supplemental questionnaires.  See Final I&D Mem. at 105-109 (P.R. 842).  In response to arguments by Bao Yen, Thang Long and other parties that Commerce was unreasonably requiring perfection, Commerce responded that its application of AFA against Bao Yen and Thang Long was consistent with the Federal Circuit's "holding in Nippon Steel."  Final I&D Mem. at 106 (P.R. 842) (citing to Nippon Steel, 337 F.3d at 1382).  Commerce elaborated that it did not hold Bao Yen and Thang Long to a standard of perfection as prohibited under Nippon Steel because both companies "were notified that they were required to respond to Commerce's questionnaires."  Final I&D Mem. at 106 (P.R. 842).  Both Bao Yen and Thang Long responded to Commerce's initial Q&V questionnaire.  See Letter on Behalf of Bao Yen to Dep't of Commerce re: Submission of Quantity

and Value Response (Sept. 30, 2020) (P.R. 80); Letter on Behalf of Thang Long to Dep't of Commerce re: Submission of Quantity and Value Response (Oct. 1, 2020) (P.R. 101). Following Commerce's Preliminary Determination, both Bao Yen and Thang Long explained that they did not respond to Commerce's supplemental questionnaires due to a miscommunication with a trading company, IKE Trading, that was responsible for representing both parties' interests in the agency proceedings underlying this appeal. See Letter from Bao Yen to Dep't of Commerce re: Case Brief at 1 (Jan. 9, 2023) (Public Document) ("Bao Yen Brief") (P.R. 734); Letter from Bao Yen to Dep't of Commerce re: Comments Regarding Ministerial Errors and Procedures at 2 (Aug. 19, 2022) (Public Document) (P.R. 472) ("Bao Yen Comments"); Letter from Thang Long to Dep't of Commerce re: Case briefs/Comments on Preliminary Scope Determination and Affirmative Preliminary Determination of Circumvention of the Antidumping and Countervailing Duty Orders at 1 (Aug. 19, 2022) (Public Document) ("Thang Long Comments") (P.R. 482). Both companies reasonably explained that they did not believe that they were required to respond to Commerce's questionnaires because they did export hardwood plywood that fell within the scope of Commerce's investigation (i.e., hardwood plywood containing Chinese core veneers) to the United States during the period of Commerce's investigation. See Bao Yen Brief at 1-2 (P.R. 734); Thang Long Comments at 1 (P.R. 482). Bao Yen and Thang Long were not "inattentive{}, careless{}, or {kept} inadequate record{s}," Final I&D Mem. at 108 (P.R. 842) (quoting Nippon Steel, 337 F.3d at 1382), but instead made reasonable conclusions that they were not required to respond to Commerce's supplemental questionnaires given that they did not produce plywood subject to Commerce's circumvention investigation.

Both Bao Yen's and Thang Long's efforts to cooperate to the best of their abilities with Commerce's investigation was demonstrated by the fact that both companies attempted to submit

information concerning their production of hardwood plywood following Commerce's Preliminary Determination.  See Bao Yen Comments (P.R. 472); Thang Long Comments (P.R. 482).  Once Bao Yen and Thang Long first became aware that Commerce required responses to its supplemental questionnaires following Commerce's Preliminary Determination, both parties submitted evidence for the record demonstrating that they could trace the country of origin of the plywood inputs that they used to produce hardwood plywood.  See id.  For instance, Bao Yen asserted that it only used local raw materials in its production of plywood and then it provided photos of its factory and production process to support this assertion.  See Bao Yen Comments at 1-2, Appendix (P.R. 472).  Similarly, Thang Long maintained that it sourced local materials and submitted "photos to illustrate {its} production and the raw materials {it is} using, a list of local logs {sic} suppliers and a list of {its} imports."  Thang Long Comments at 1, Exhibits 1-5 (P.R. 482).  As established in the M&G Plaintiffs' Tranche I 56.2 Brief, Commerce abused its discretion in rejecting the new factual information submitted by Bao Yen and Thang Long following Commerce's Preliminary Determination.  See M&G Plaintiffs' 56.2 Br. at 5-28.  Commerce wrongly concluded that it, under the record before it, it had a "duty . . . to fill in the record gaps where it finds information is missing."  Final I&D Mem. at 106 (P.R. 842).  But for Commerce's unlawful rejection of this information, there would have been no gap in the record to support Commerce's application of AFA against both Bao Yen and Thang Long.  See 19 U.S.C. § 1677e(a)(1)-(2)(A).  Commerce's application of AFA was not supported by substantial evidence and was otherwise not in accordance with law because the record demonstrates that Bao Yen and Thang Long cooperated to the best of their abilities by submitting responses as soon as they reasonably became aware of the fact that Commerce sought further information from them concerning their production of hardwood plywood.  See id. at § 1677e(b).

### D. Commerce's Application of AFA Against TL Trung Was Not Supported by Substantial Evidence and Was Otherwise Not in Accordance With Law

Commerce found that it was appropriate to apply AFA against TL Trung because it failed to cooperate to the best of its ability by withdrawing from verification.  See Final I&D Mem. at 166 (P.R. 842).   In applying AFA against TL Trung, Commerce found that its "affirmative circumvention determination is consistent with law and Commerce's practice."   Id. at 167 (P.R. 842).   As the M&G Plaintiffs established in their Tranche I 56.2 Brief, Commerce's affirmative circumvention determination was not supported by substantial evidence and was otherwise not in accordance with law because Commerce arbitrarily relied on fatally flawed data to find that the process of assembly or completion in the Vietnam was minor or insignificant.  See M&G Plaintiffs' 56.2 Br. at 28-33.  Given the flaws in Commerce's affirmative circumvention finding, Commerce lacked a lawful foundation to extend an adverse inference against TL Trung.

### IV.   THE M&G PLAINTIFFS ADOPT COMMENTS FILED BY OTHER RESPONDENT PARTIES

In addition to adopting the arguments in DH Consolidated Plaintiffs' Tranche II 56.2 Brief and ST&R Consolidated Plaintiffs' Tranche II 56.2 Brief that Commerce's application of AFA against certain Vietnamese companies was not supported by substantial evidence and was otherwise not in accordance with law, the M&G Plaintiffs also hereby adopt and incorporate by reference the briefs filed by other respondent parties to the extent they do not dispute the arguments presented in this brief.

### CONCLUSION

For the foregoing reasons, the Court should grant this Rule 56.2 Tranche II Motion for Judgment on the Agency Record because Commerce's actions as described above were not supported by substantial evidence or were otherwise not in accordance with law.  Accordingly, the

Court should remand the Final Results to Commerce for a determination in accordance with the points of fact and law discussed above.

Respectfully submitted,

<u>Dated</u>: May 1, 2024

<u>/s/ Jeffrey S. Grimson</u>
Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
*Counsel to Concannon Lumber Company,*
*Northwest Hardwoods, Inc., Richmond*
*International Forest Products LLC, Taraca*
*Pacific Inc., UFP International, LLC,*
*Medallion Forest Product, Hardwoods*
*Specialty Products USLP, Paxton*
*Hardwoods LLC and Rugby Holdings LLC*
*dba Rugby Architectural Building Products*

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures and the Scheduling Order to this case. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 7,804 words.

Dated: May 1, 2024

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Concannon Lumber Company, Northwest Hardwoods, Inc., Richmond International Forest Products LLC, Taraca Pacific Inc., UFP International, LLC, Medallion Forest Product, Hardwoods Specialty Products USLP, Paxton Hardwoods LLC and Rugby Holdings LLC dba Rugby Architectural Building Products*